IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY S. GREEN, <br> 29269 North 69th Way <br> Scottsdale, Arizona   85266, <br> <br>         v. <br> <br> CHRISTIAN BLAKE, <br> 5104 El Monte Street <br> Roeland Park, Kansas   66205, <br> <br>         and <br> <br> JOSHUA LEONARD, <br> 2505 West 97th Terrace <br> Leawood, Kansas   66206, <br> <br>                           Defendants. | ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) Civil <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

COMPLAINT FOR BREACH OF FIDUCIARY DUTY,
MISREPRESENTATION, CONVERSION, AND ACCOUNTING

Comes Now Jeff Green and for his Complaint for Breach of Fiduciary Duty, Misrepresentation, Conversion, and Accounting against Christian Blake and Joshua Leonard states and alleges as follows:

General Allegations Common to All Counts

1. Jeffrey S. Green (hereinafter "Green" or "Plaintiff") is an individual residing in Scottsdale, Arizona.

2. Christian Blake (hereinafter "Blake" or "Defendant") is an individual residing in Roeland Park, Kansas.

3. Joshua Leonard (hereinafter "Leonard" or "Defendant") is an individual residing in Leawood, Kansas.

4. 63rd Street Enterprises, LLC (the "Company") is an Oregon limited liability company.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is placed in this Court pursuant to 28 U.S.C. Section 1391(a) because both Defendants reside in this judicial district.

7. Blake served as a Manager and President, Secretary, and Treasurer of the Company from its inception in January, 2017 to April 30, 2018 when he was removed as a Manager by the Members of the Company and removed for cause as a President, Secretary, and Treasurer of the Company by the Company's newly constituted Board of Managers.

8. Leonard served as a Manager and Chief Executive Officer of the Company from its inception in January, 2017 to April 30, 2018 when he was removed as a Manager by the Members of the Company and removed as Chief Executive Officer by the Company's newly constituted Board of Managers.

-3-

9. As Managers and executive officers of the Company, Blake and Leonard exercised control over the operational, administrative, and financial affairs of the Company and, by virtue of their services in such capacities, were fiduciaries to the Company and its Members.

10. Green invested $200,000 in the Company and was admitted as a Member.

11. The Company is now insolvent, with significant liabilities and virtually no assets, and will soon be dissolved and its affairs wound up.

12. Green will receive nothing upon the dissolution and liquidation of the Company.

COUNT I

Breach of Fiduciary Duty

For Count I of his Complaint for breach of fiduciary duty, Green states as follows:

13. Green incorporates and realleges in Count I the allegations contained in paragraphs 1 through 12 of his Complaint.

14. As Managers and officers of the Company, Blake and Leonard owed Green fiduciary duties.

15. These duties include, but are not limited to, the duty to avoid self-dealing, the duty to conserve and protect the Company's assets, the duty to disclose honestly information regarding the affairs of the Company, the duty not to commingle the Company's assets, and the duty to manage the Company in a prudent manner.

16. Defendants have materially breached these duties at least in the following ways:

  a. They have falsified financial information provided to Green (and other investors) which misled Green about the financial condition of the Company;

  b. Despite having assured Green (and other investors) that they had secured the assets and services of Mr. Marsden, critical to the viability of the Company, they failed to secure either the assets or the services – a failure which in effect nullified the business plan which induced Green's investment;

  c. They commingled the Company's funds with the funds of a limited liability company, Hidden Street Ventures, they control;

  d. They used significant amounts of Company funds for unauthorized personal use, such as car rentals, personal property purchases, and travel and dining;

  e. They apparently diverted funds of the Company to themselves by numerous and irregular cash withdrawals;

  f. They paid themselves salaries or other compensation in contradiction of their promises not to do so; and

  g. They failed to safeguard Green's, and other investors', investment by failing to implement the Company's business plan.

17. Defendants' multiple and significant breaches of their fiduciary duties has damaged Green; at this time his $200,000 investment is worthless.

18. Defendants' breaches were wanton and willful and/or in reckless disregard of their duties, and an award of punitive damages is appropriate in this case.

Wherefore, Green prays that this Court enter judgment against Blake and Leonard for the amount of his damages, which exceed $75,000, and for punitive damages and grant such other and further relief as the Court deems just and proper.

## COUNT II

### Misrepresentation

For Count II of his Complaint for misrepresentation, Green states as follows:

19. Green incorporates and realleges the allegations contained in paragraphs 1 through 12 of his Complaint.

20. Blake and/or Leonard have made the following misrepresentations to Green (and other investors):

    a. They had secured the assets and services of Mr. Marsden critical to the viability of the Company;

    b. They provided falsified financial information which contained unauthorized financial transactions and misled Green (and other investors) as to the Company's financial status;

    c. Blake misrepresented the magnitude of his net worth claiming to be worth $50,000,000, his financial resources claiming he could fund the business, and his business and educational background claiming numerous past business successes; these misrepresentations persuaded Green (and others) of Blake's ability to lead the Company;

    d.  They misrepresented to Green (and others) that they were providing services on an unpaid basis; and

    e.  They omitted to report to Green and other Managers and investors the use of the Company's funds for their personal use, including the use of the Company's funds for car rentals, travel and entertainment expense, and the purchase of personal property.

  21.  Green relied on these representations in deciding to invest in the Company and then, subsequently, to extend Blake's and Leonard's managerial roles.

  22.  The representations were false.

  23.  Green's reliance on Blake's and Leonard's representations were reasonable as Blake, in particular, concealed the true nature of his activities and the Company's finances.

  24.  Green has been damaged by the Defendants' misrepresentations; his investment is worthless and, if he had known of the falsity of the representations, he could have acted to preserve the Company while it still had financial resources.

  25.  Blake's and Leonard's misrepresentations have been wanton and willful and/or in reckless disregard of the duties owed Green (and other investors in the Company), and an award of punitive damages is appropriate.

  Wherefore, Green prays that this Court enter judgment against Blake and Leonard for the amount of his damages, which exceed $75,000, and for punitive damages and grant such other and further relief as the Court deems just and proper.

## COUNT III

### Conversion

For Count III of his Complaint for conversion, Green states as follows:

26. Green incorporates and realleges the allegations contained in paragraphs 1 through 12 of his Complaint.

27. Upon Green's understanding and belief, Green and Leonard have taken possession and, perhaps, sold items of the Company's inventory and property.

28. Upon Green's understanding and belief, the appropriation by Blake and Leonard of Company assets for their own use and benefit has decreased the value of the Company and, thus, his investment in the Company.

29. Blake's and Leonard's actions have been willful and wanton and/or in reckless disregard of Green's (and other investors') rights, and an award of punitive damages is appropriate.

Wherefore, Green prays that this Court enter judgment against Blake and Leonard for the amount of his damages, which exceed $75,000, and for punitive damages and grant such other and further relief as the Court deems just and proper.

## COUNT IV

### Accounting

For Count IV of his Complaint for accounting, Green states as follows:

30. Green incorporates and realleges the allegations contained in paragraphs 1 through 12 of his Complaint.

31. As Managers and the executive officers of the Company, Blake and Leonard have controlled the Company's financial affairs.

32. As fiduciaries of the Company, and in particular of its finances, Blake and Leonard have a duty to account for the Company's income and expenses.

33. Despite demands, Defendants have not produced an accounting of the Company's income and expenses during their tenure as Managers and officers.

34. Defendants have breached their duty to account.

Wherefore, Green prays that the Court order Defendants to provide a detailed fiduciary accounting of the Company's income and expenses and grant such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    HAZELTON & LANER LLP

    /s/ Joel B. Laner
    Joel B. Laner    77871

    Suite 650
    4600 Madison
    Kansas City, Missouri   64112
    816/753-5678
    816/753-6208   (FAX)

    ATTORNEYS FOR PLAINTIFF JEFFREY S. GREEN

Trial by jury is demanded.