

FILED

SEP 2 8 2018

TIMOTHY M. O'BRIEN CLERK
By_____Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY S. GREEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:18-cv-02247-CM-GLR ) |
| CHRISTIAN BLAKE [*sic* CHRISTIAN BLAKE FISHER] and JOSHUA R. LEONARD, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND OTHER REASONS**

COME NOW Defendants CHRISTIAN BLAKE FISHER and JOSHUA LEONARD, individually, and collectively, as the majority of members of the 63rd Street Enterprises, LLC, and offer the following Memorandum to the Court in support of their Motion to Dismiss Plaintiff's Complaint for Breach of Fiduciary Duty, Misrepresentation, Conversion, and Accounting ("Complaint") for Lack of Subject Matter Jurisdiction and Other Reasons.

I.      **Litigation Background**

In January, 2017, Plaintiff's counsel helped Plaintiff and Defendants form the Oregon limited liability company 63rd Street Enterprises, LLC ("LLC"). LLC's business activities spanned Kansas and Oregon. Plaintiff invested funds in the company, acquiring minority member ownership. Defendants were duly-appointed officers of the LLC, and its

1

majority members. Plaintiff's sole decisions primarily directed Defendants' course of action for the LLC.

Defendants served as managers of the LLC from January 17, 2017 to April 30, 2018. On April 30, 2018, Plaintiff unilaterally removed them from their LLC positions, appointed new officers and reorganized the LLC to exclude them completely from the business and its information. Plaintiff makes various claims for damages from Defendants arising from this Oregon business venture.

**II.    Argument and Authorities**

    **A.    Kansas' statutory choice-of-law statute for foreign limited liability companies has been repealed, but Plaintiff's claims still fail under Kansas common law such that Oregon law applies to his substantive tort claims.**

1. For this Court to have subject matter jurisdiction over Plaintiff's Complaint, "'the general rule is that where an act of omission or commission occurs at one place and resulting death, personal injury, or damage takes place at another, the *situs* of the actionable wrong is the place at which the death, personal injury or property damage takes place.'" *Ling v. Jan's Liquors*, 237 Kan. 629, 634 (1985) as quoted in *Ayres v. AG Processing Inc.*, 345 F.Supp.2d 1200 (D.Kan. 2004). The statutory choice-of-law provision for foreign limited liability companies, K.S.A. 17-76,120, was repealed in 2014.

2. In *Ayers,* this Court determined that a breach of fiduciary duty claim by minority LLC members against the LLC majority member and LLC managers would involve "the internal affairs of the LLC", which was organized under Nebraska law. Under the now-repealed K.S.A. 17-76,120(a)(1), the Kansas procedural choice-of-law statute applied plaintiff's breach of fiduciary claims, so that Nebraska law should govern the claim of breach of Nebraska fiduciary duty. *Id.* at 1209.

3. Plaintiff, individually, alleged three (3) tort claims and one (1) claim for an accounting against Defendants individually, but listed their misdeeds as having derived from their positions as LLC members. Plaintiff's claims arise, if at all, from his status as a minority member of the LLC, and not in his individual, personal, capacity. Those claims are breach of fiduciary duty (Count I), misrepresentation (Count II), conversion (Count III), and an accounting (Count IV).

4. The Kansas Revised Foreign Limited Liability Company Act was repealed in 2014, effective in 2015. However, Kansas case law states that "a choice of law analysis begins by looking to the law of the forum state to determine which jurisdiction's law applies. See *Miller v. Dorr*, 262 F.Supp.2d 1233, 1237 (D.Kan. 2003). While another state's law may then come in to govern the case's substantive disputes, the law of the forum continues to govern the procedures the court uses to resolve the case. Restatement (First) of Conflict of Laws § 585 (1934)". *Barnhill v. BRW Express*, 390 P.3d 125, (2017) (unpublished).

5. Plaintiff's first claim is that each of them stood as a fiduciary to Plaintiff, and violated that duty to him by falsifying financial information about the LLC, failing to secure the financial backing of an outside party to fully fund the LLC business plan which induced Plaintiff to invest, commingling their funds with a KS LLC they control, using without authorization LLC funds for personal purchases and entertainment, diverting LLC funds to themselves on overcompensation, and failing to safeguard Plaintiff's and other investors' investments.

6. Defendants deny that any of Plaintiff's claims are true. The truth of his claims are not necessary to determine whether or not he has stated claims cognizable in this Kansas court.

7. Any fiduciary duty Defendants might have had to Plaintiff was "to act with the utmost good faith and loyalty for the furtherance and advancement of the interests of the other

party. ... [Internal citation omitted]. Breach of this duty is a tort ...". *Osage Capital, LLC v. Bentley Invs. of Nevada III, LLC*, 319 P.3d 595, (2014) (unpublished).

8. The essential elements of Plaintiff's claim of breach of fiduciary duty are that Defendants did not act in Plaintiff's best interest. The LLC business location is in Oregon, any misdeeds Defendants caused would have occurred in Oregon, not in Kansas. Kansas was the Defendants home base from which they travelled to Oregon to conduct LLC business. Therefore, this Court has no subject-matter jurisdiction over Plaintiff's breach of fiduciary duty claim.

9. Plaintiff's second claim is that Defendants misrepresented they had the financial backing of an outside party to fully fund the LLC business plan, which induced Plaintiff to invest. He alleged that they falsified financial information about the LLC and that Defendant Fisher misrepresented the extent of his personal net worth. Plaintiff claims that Defendants said they would work without pay, failed to report to Plaintiff that they commingled LLC and Plaintiff's investment funds with a Kansas LLC they controlled, spent LLC funds without authorization for their personal use, and overcompensated themselves.

10. For Plaintiff to establish liability for negligent misrepresentation, he must be able to prove the following:

    a. The Defendant who supplied Plaintiff with the false information failed to exercise reasonable care or competence in obtaining or communicating it;

    b. Plaintiff, the party receiving the false information reasonably relied on it;

    c. Plaintiff, as the person relying on the false information, is a person or one of a group of persons for whose benefit and guidance the information was supplied; and

4

d.  Plaintiff, as the party receiving the information, suffered damages. *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 937 (2013) as cited in *Davis v. City of Topeka*, 366 P.3d 667 (Ks.Ct.App. 2016) (unpublished).

11. Misrepresentation is a tort. *Osage Capital, supra.* Since any misrepresentation Defendants might have made from Kansas to Plaintiff who would have been heard (or received, if written) such in Arizona, and acted upon them in either Arizona or Oregon, this claim did not occur in Kansas. Therefore, this Court has no subject-matter jurisdiction over Plaintiff's misrepresentation claim.

12. Plaintiff's third claim is that Defendants converted LLC funds to their personal benefit without LLC authorization. "A conversion is an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another." *Horne v. Oller*, 5 K.A.2d 263, 267 (1980). Plaintiff states that Defendants commingled Plaintiff's and LLC funds with a Kansas LLC they controlled, spent LLC funds without authorization for their personal use, and overcompensated themselves.

13. Conversion is also a tort claim. *Osage Capital, supra.* Since any funds were likely to have been in an Oregon bank, and used there, this claim occurred in Oregon, not in Kansas. "Because the wrong in this case is the financial harm Plaintiffs claim to have suffered as a result of Defendants' alleged conduct, the Court must determine where Plaintiffs felt this financial injury in order to determine where the tort is deemed to have occurred."

14. Plaintiff resides in Arizona and participated in the LLC business in Oregon. There was no Kansas office. Therefore, Arizona is where Plaintiff's alleged injury occurred, not in Kansas. *Ayres* at 1209-1210. Therefore, this Court has no subject-matter jurisdiction over Plaintiff's conversion claim.

5

15. Plaintiff's fourth claim is for an accounting. An accounting is an equitable claim. *Grindley v. Ross*, 129 Kan. 269, 271 (1929). Because Plaintiff's alleged damages occurred in Oregon, it would be most expedient for an accounting to occur there, as well.

16. None of Plaintiff's claims occurred in Kansas nor did he suffer damages in Kansas. All claims arose, if at all, in Oregon, and Plaintiff would have experienced his damage, if at all, in Arizona.

17. Kansas' choice-of-law case rule dictates that Oregon is the proper jurisdiction, if at all, not Kansas. Therefore, this Court is obliged to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction.

**B.     All of Plaintiff's claims are derivative of claims which should have been asserted by the Oregon LLC as Plaintiff, but Plaintiff did not comply with Rule 23.1, F.R.Civ.P., in filing his Complaint.**

18. Plaintiff's damage claims are solely for injuries suffered as an investor in the LLC and based on actionable conduct by Defendants during the course of the LLC's operations. Plaintiff's alleged claims for conversion, misrepresentation, breach of fiduciary duty and an accounting do not exist for him except as a disgruntled minority LLC member. Nor did Defendants act toward Plaintiff apart from their connection with the LLC.

19. Plaintiff cannot assert these claims except as a member derivative action, because all are rights only the LLC may properly assert. However, Plaintiff failed to comply with Rule 23.1(a) and (b), F.R.Civ.P.

20. Rule 23.1(a), F.R.Civ.P., applies when "one or more ... members of a corporation ... bring a derivative action to enforce a right that the corporation ... may properly assert but has failed to enforce." Subsection (b) states that a complaint must be verified and must also:

    (1)    allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;

    (2)    allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and

    (3)    state with particularity:

        (A)    any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and

        (B)    the reasons for not obtaining the action or not making the effort.

21.    Plaintiff stated he was an LLC member at the time of the transactions about which he complains. However, he did not verify his Complaint or allege lack of collusion to confer jurisdiction and efforts he made to first exhaust his remedies within the structure of the LLC. Plaintiff did not, in fact, make any efforts to resolve complaints with Defendants directly, but instead ousted them summarily from the LLC operation on April 30, 2018.

22.    Since all of Plaintiff's claims are Oregon state law claims, and derivative of claims only the LLC may properly assert, and Plaintiff has failed to comply with Rule 23.1, F.R.Civ.P., this Court is obligated to dismiss Plaintiff's Complaint.

    **C.**    **The 63rd Street Enterprises, LLC is a necessary and indispensible party under Rule 19, F.R.Civ.P., because no substantive relief can be granted to either party without it.**

23.    Rule 19, F.R.Civ.P. states a person must be joined if feasible when "(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that

disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

24. Both Kansas state and federal, as well as Oregon state, law allow a derivative claim to be brought as a direct action, especially with small or closely-held organizations. *Ayres v. AG Processing Inc.*, 345 F.Supp.2d 1200, 1209 (D.Kan. 2004); *Mynatt v. Collis*, 274 Kan. 850, 870 (2002); *Chiles v. Robertson*, 94 Or.App. 604, 607 (1989).

25. Defendants state that without involvement with the LLC, there would have been no interaction with Plaintiff. The LLC must be added as a necessary and indispensible party for a court to determine whether Defendants acted in furtherance of the LLC aims or in derogation of them. However, the LLC is not amenable to service in Kansas, as all of its operations occur in Oregon.

26. Without personal jurisdiction over the LLC, Plaintiff cannot maintain an action in its name in Kansas.

**D. The answers to these questions impact the resolution of Defendants' pending Motion to Disqualify Plaintiff's Counsel because it leaves the Court no alternative but to dismiss it, along with Plaintiff's Complaint.**

27. This Court's dismissal of Plaintiff's claims for lack of subject-matter jurisdiction would leave Defendants' Motion to Disqualify Plaintiff's Counsel still pending. This Court has personal jurisdiction over Plaintiff and Defendants, with Plaintiff's counsel an officer of the court, subject to Court orders.

28. If this Court decides that it has jurisdiction over Plaintiff's claims, Defendants' Motion to Disqualify Counsel must be granted because Plaintiff's counsel has represented and advised all parties to this action.

  **E.**  **Plaintiff's Complaint should also be dismissed for his failure to first exhaust available remedies through the LLC's Operating Agreement.**

  29.  Another consideration to dismissing Plaintiff's Complaint is that he has not exhausted available remedies available through any dispute-resolution procedures set forth in the 63rd Street Enterprises, LLC's Operating Agreement. "Under the exhaustion doctrine, a party must first exhaust the administrative remedies that could grant relief before resorting to the courts...." *Grindsted Products, Inc. v. Kansas City Power & Light Co.*, 21 K.A.2d 435, 446 (1995).

  30.  Plaintiff should be required to exhaust those remedies before seeking redress in court.

**III.**  **Conclusion and Relief Requested**

  All of Plaintiff's alleged claims are governed by Oregon law, although procedurally, he has failed to comply with Rule 23.1, F.R.Civ.P., on his derivative claims, with Rule 19, F.R.Civ.P., on adding the LLC as a necessary party, and in first pursuing his complaints under the LLC's Operating Agreement. Defendants ask that Plaintiff's Complaint be dismissed, that counsel be disqualified from continued representation, and that all documents Plaintiff's counsel has in his possession regarding them, either of them, or the LLC be released to them.

                  Respectfully submitted,

                  CHRISTIAN BLAKE FISHER
                  5104 El Monte Street
                  Roeland Park KS 66205
                  415-797-8740
                  E-Mail: loui415@gmail.com

                  and

JOSHUA R. LEONARD
2505 West 97th Terrace
Leawood KS  66206
913-220-9929
E-Mail: joshrleonard@gmail.com

Defendants *pro se*

## CERTIFICATE OF SERVICE

We hereby certify that on the 28th day of September, 2018, we transmitted a true and correct copy of the above and foregoing Defendants' Memorandum in Support of Their Motion to Dismiss for Lack of Subject Matter Jurisdiction and Other Reasons:

By first-class mail, postage prepaid and properly addressed to:
Clerk of the United States District Court
District of Kansas
500 State Avenue
Kansas City KS  66101

By electronic mail transmission in portable document format (.pdf) to:
Joel B. Laner
E-Mail: hlblaw@swbell.net
Attorney for Plaintiff

CHRISTIAN BLAKE FISHER

and

JOSHUA R. LEONARD
Defendants *pro se*

10