UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY S. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-2247-CM |
| | ) |
| CHRISTIAN BLAKE and | ) |
| JOSHUA LEONARD, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

Plaintiff, Jeffrey S. Green, is a member and manager of 63rd Street Enterprises, LLC ("the LLC"). He sues two former managers and officers of the LLC, Christian Blake and Joshua Leonard, alleging they breached fiduciary duties owed the LLC's members, converted LLC assets for their own use, failed to produce an accounting of the LLC's income and expenses, and made numerous misrepresentations to plaintiff and other members about the LLC's financial position and Blake's background and net worth. Because defendants have filed a motion to disqualify plaintiff's counsel[1] and a motion to dismiss the case for lack of subject matter jurisdiction,[2] the court has found good cause to delay ordering the parties to conduct a Fed. R. Civ. P. 26(f) conference and to issue a Fed. R. Civ. P. 16(b) scheduling order until the motions are resolved. Plaintiff has now filed a

---

[1] ECF No. 9.

[2] ECF No. 19.

motion under Fed. R. Civ. P. 26(d)(1) for an order allowing him to pursue limited early discovery of an issue involving a witness allegedly in declining health (ECF No. 27). Because plaintiff has failed to establish good cause for the early discovery, the motion is denied.

As an initial matter, there is no indication plaintiff attempted to meet and confer with defendants before filing the motion. D. Kan. Rule 37.2 states,

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. . . . A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

In the future, the court directs plaintiff's counsel to follow the letter and spirit of Rule 37.2 before filing a discovery motion.

A bigger concern is plaintiff's failure to submit any evidence in support of his motion. First, plaintiff has submitted no evidence that the witness at issue, Jeffrey Marsden, has health problems that could make him unavailable in the foreseeable future. Plaintiff states Marsden "is inflicted with AIDS as well as other maladies."[3] This very general statement says nothing about Marsden's life expectancy or capacity, nor is it supported by an affidavit, medical records, or other evidence. Although the court

---

[3] ECF No. 28 at 3.

previously granted plaintiff's motion to depose Marsden, the court did so not on the merits, but on the basis that the motion was uncontested.[4] In contrast, because defendants oppose the instant motion, the court now conducts a substantive analysis and finds plaintiff has submitted no evidence to establish good cause for early discovery.

Second, to the extent plaintiff's motion is based on the asserted need to conduct discovery into an inconsistency between Marsden's deposition testimony and a representation in defendants' answer,[5] plaintiff has provided the court no basis on which to evaluate the alleged inconsistency. Plaintiff has failed to submit a transcript of Marsden's deposition or any other evidence to support a finding of good cause on this basis.

IT IS SO THEREFORE ORDERED that plaintiff's motion for additional early discovery is denied.

Dated May 29, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[4] ECF No. 26. *See* D. Kan. R. 7.4(b) ("If a responsive brief is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.").

[5] Plaintiff alleges defendants induced him to invest in the LLC by assuring him Marsden "had committed to provide his unique assets, talents, and energies" to the LLC. ECF No. 28 at 3. In their answer to plaintiff's complaint, defendants state they had a "fully executed contract with Mr. Marsden." ECF No. 6 at 3. Plaintiff now asserts that during his deposition, Marsden denied having entered a contract with the LLC.