IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY S. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:18-CV-02247-CM-JPO |
| v. | ) |
| | ) Civil |
| CHRISTIAN BLAKE, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

SUGGESTIONS IN SUPPORT OF MOTION OF PLAINTIFF JEFFREY S. GREEN TO
JOIN AS A PLAINTIFF JEFFREY S. GREEN, DERIVATIVELY
<u>ON BEHALF OF 63RD STREET ENTERPRISES LLC, AND TO JOIN AS A DEFENDANT LYNN EBEL</u>

In support of his Motion to Add as a plaintiff Jeffrey S. Green, derivatively on behalf of 63rd Street Enterprises LLC, and to add Lynn Ebel as a defendant, Jeffrey S. Green states as follows:

1.      Fed.R.Civ.Proc. 20(a)(1) provides a person may join in an action as a plaintiff if (A) the person has a right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and (B) any question of law or fact common to all plaintiffs will arise in the action.

2.      Plaintiff has instituted this action asserting a right to relief as a result of Defendants' misrepresentations in connection with his investment in 63rd Street Enterprises LLC, an Oregon limited liability company (sometimes referred to herein as the "Company").

3.     Plaintiff asserts he lost his entire investment in the Company because upon the cessation of its operations on April 30, 2018 the Company lacked cash and other assets and certainly lacked any means of completing the infrastructure requirements that were prerequisite to obtaining necessary licensing which was, in turn, prerequisite to the commencement of the Company's intended business.

4.     Plaintiff asserts that numerous of the representations he relied on in investing in the Company have proven false.   Plaintiff has the burden to prove the falsity of the representations and to prove his damages – the worthlessness of his investments.   For example, Plaintiff relied on the Defendants' representations that they had secured the key assets and services of Mr. Marsden, that the Company owned hundreds of thousands of dollars of assets, that objectionable expenses were being paid for by the Defendants (not the Company), that the financial records of the Company were accurate, and they owned and operated a $20,000,000 investment fund which would expend as much as $1,000,000 in lobbying efforts which would benefit the Company.

5.     In his derivative claim, Green asserts that Defendants committed breaches of fiduciary duty, company waste, misrepresentations, and negligence and that these wrongful acts and omissions resulted in the complete loss of the investments of the Company's members, including his.

6.     The relief sought by Green individually and Green derivatively is joint, several, or in the alternative.

7.     Many of the occurrences and transactions that Green, individually, and Green, derivatively refer to are the same:   for instance, his and others' investment in the Company,

the failure and insolvency of the Company, which resulted in the financial injury to him and to the other investors, the failure of Defendants to secure the key assets and services of Mr. Marsden, the failure of Defendants to pay out of their own resources costs they represented they would be responsible for, and the payment to Defendants of monies they represented they would not take.

8.     The existence of the facts alluded to in paragraph 7, above, are questions of fact common to the plaintiffs and meet the requirement of Fed.R.Civ.Proc. 20(a)(1)(B).

9.     Green, derivatively, seeks to join Lynn Ebel, Defendant Blake's wife, because the Company's financial records show she received, for no legitimate reason, amounts in excess of $200,000.

10.     The right to relief against Ms. Ebel arises out of the same set of transactions and occurrences that concerns both Plaintiffs and the right to relief against Ms. Ebel arises out of the same set of circumstances that relate to both Plaintiffs' claims:   the representation to investors that the Defendants would not take money out of the Company for themselves and the failure of Defendants to act prudently and in the best interests of the members and to avoid self-dealing which resulted, in part, in the failure of the Company.

11.     A common question of fact exists as to whether the Defendants diverted funds and other assets of the Company to Defendant Blake's wife and, if so, whether such diversion served any legitimate business purposes.

12.     To the extent Ms. Ebel wrongly received and retained funds belonging to the Company she should be required to repay the funds to compensate the members of the Company.

In sum, joinder as a Plaintiff of Jeffrey S. Green, derivatively on behalf of 63rd Street Enterprises LLC, and joinder of Lynn Ebel as a Defendant satisfy the requirements of Rule 20, and Plaintiff requests the Court grant leave.

Non-joinder of 63rd Street Enterprises LLC

In accordance with the requirements of Fed.R.Civ.Proc. 19(c), Green, derivatively on behalf of 63rd Street Enterprises LLC (hereinafter referred to as the "Company"), states as follows:

A.      Green acknowledges that in the typical derivative action the company in which a stockholder/member owns an interest is joined as either a plaintiff or defendant.

B.      Green recognizes that the cases that require joinder of the company in a derivative action hold that, in the absence of the entity on whose behalf the derivative action is brought, the existing defendant(s) may be subject to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations."   Fed.R.Civ.Proc. 19(a)(1)(B)(ii).

C.      Because both Defendants are Kansas citizens and members of the Company, because 63rd Street Enterprises LLC is a limited liability company, and because the United States Supreme Court has held that for diversity jurisdiction purposes the citizenship of the limited liability company is determined by the citizenship of its members, 63rd Street Enterprises LLC is non-diverse.

D.      If 63rd Street Enterprises LLC is joined in this action, the joinder of the limited liability company will deprive this Court of subject matter jurisdiction.   Fed.R.Civ.Proc. 19(a)(1).

E.      If 63rd Street Enterprises LLC is not joined because its joinder will deprive the Court of subject matter jurisdiction, the issue arises whether 63rd Street Enterprises LLC is an indispensable party.   Fed.R.Civ.Proc. 19(b).

F.      This Court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.

G.      The factors the Court should consider include:

(i)      the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(ii)      the extent to which any prejudice could be lessened by (a) protective provisions of the judgment; (b) shaping the relief; or (c) other means;

(iii)      whether a judgment rendered in the person's absence would be adequate; and

(iv)      whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

H.      Green addresses the four factors the Court should consider as follows:

(i)      A judgment in favor of Green, derivatively on behalf of 63rd Street Enterprises LLC, will not prejudice the Defendants because 63rd Street Enterprises LLC has determined it will not at any time prosecute an action against the Defendants.   A copy of the Refusal is attached as Exhibit A to these Suggestions.   As a consequence, the Defendants will not be subject to a potential additional obligation arising from a claim by the Company.   63rd Street Enterprises LLC, having abandoned its right to bring a direct claim

in its own right against the Defendants and relying on Green, derivatively, has agreed not to prosecute its interest in this suit.

(ii)      The Court can avoid any prejudice to the Defendants by assuring that whatever recovery Green obtains in the derivative capacity is treated as belonging to the Company and that the Company's abandonment of its direct right to sue is confined in an Order of the Court.

(iii)      A judgment that Green obtains in the derivative capacity would be adequate for the Company as it would contain the relief the Company could obtain; and

(iv)      While Green in his derivative capacity would have a remedy by filing a state court action, such a course of action would not be adequate as it would involve the simultaneous actions in different forums involving the same set of facts and circumstances and the same Defendants; the simultaneity would not only cause an unnecessary drain on judicial recourses but also would subject the parties to potentially inconsistent findings of fact and conclusions of law.

In sum, 63rd Street Enterprises LLC is not an indispensable party to this action.

Respectfully submitted,

HAZELTON & LANER LLP

/s/  Joel B. Laner_____

Joel B. Laner                                                          77871

Suite 650
4600 Madison
Kansas City, Missouri   64112
816/753-5678
816/753-6208   (FAX)

ATTORNEYS   FOR   PLAINTIFF   JEFFREY   S.
GREEN

<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on September 20, 2019 I mailed, first class mail, postage pre-
paid, the foregoing to:  Mr. Christian Blake at 5104 El Monte Street, Roeland Park, Kansas
66205 and Mr. Josh Leonard at 2505 West 97th Terrace, Leawood, Kansas   66206.

                                        /s/  Joel B. Laner_____
                                             Attorneys for Plaintiff Jeffrey S. Green