UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY S. GREEN,  )
 )
        Plaintiff, )
 )
v. ) Case No. 18-2247-CM
 )
CHRISTIAN BLAKE and )
JOSHUA LEONARD, )
 )
        Defendants. )

# **REPORT AND RECOMMENDATION**

Plaintiff, Jeffrey S. Green, a member and manager of 63rd Street Enterprises, LLC ("the LLC") brings this diversity action against two former managers and officers of the LLC, Christian Blake and Joshua Leonard. Plaintiff's original complaint alleged that defendants made misrepresentations to plaintiff to induce him to invest in the LLC, breached fiduciary duties owed the LLC's members, converted LLC assets for their own use, and failed to produce an accounting of the LLC's income and expenses. On August 12, 2019, the presiding U.S. District Judge, Carlos Murguia, ruled that plaintiff's breach-of-fiduciary-duty, conversion, and accounting claims sought "redress of duties owed directly to the LLC and *all* its members, not any special duties owed exclusively to plaintiff,"[1] and further ruled plaintiff's complaint failed to comply with the Fed. R. Civ. P.

---

[1] ECF No. 32 at 9 (emphasis in original).

23.1 "pleading requirements to initiate a derivative action" on behalf of the LLC.[2] Accordingly, Judge Murguia dismissed the derivative claims without prejudice, while allowing plaintiff's direct claim for misrepresentation to proceed.

Plaintiff now has filed two interrelated motions seeking to reassert the derivative claims as a representative of the LLC: (1) a motion for leave to file an amended complaint under Rule 23.1 asserting derivative claims (in addition to his direct claim) (ECF No. 39); and (2) a motion under Fed. R. Civ. P. 20 to join himself as a plaintiff "derivatively on behalf of [the LLC]" and to join as a defendant in the derivative action Lynn Ebel, Blake's wife (ECF No. 37). The undersigned U.S. Magistrate Judge, James P. O'Hara, concludes the LLC is a necessary and indispensable party to the proposed derivative action and that the LLC cannot be joined without destroying the court's subject-matter jurisdiction. Therefore, it is recommended that Judge Murguia deny leave to file the proposed amended complaint as futile. The motion to add parties in the derivative action should then be denied as moot.

**Motion for Leave to Amend Complaint to Assert Derivative Claims**

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) directs the court to "freely give leave when justice so requires." The

---

[2] *Id.* at 11.

decision whether to grant leave to amend is within the discretion of the district court.[3] The court may refuse to grant leave to amend on the basis of "futility of the proposed amendment."[4] To justify denying leave to amend on this basis, the proposed amendment must be clearly futile.[5] "Clearly futile" means that the proposed amended complaint would be subject to dismissal for any reason.[6] The undersigned finds the "clearly futile" standard satisfied here because the proposed derivative action would be subject to dismissal in the absence of a necessary and indispensable party, the LLC.

Fed. R. Civ. P. 12(b)(7) permits a court to dismiss a case if a plaintiff has failed to join a necessary and indispensable party as required by Fed. R. Civ. P. 19.[7] In deciding whether to dismiss a case for failing to join a party under Rule 19, the court applies a three-step analysis.[8] First, under Rule 19(a)(1), the court determines "whether the [absent] party

---

[3] *Tackett v. Univ. of Kan.*, 234 F. Supp. 3d 1100, 1105 (D. Kan. 2017).

[4] *Id.*

[5] *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1192 (D. Kan. 2018).

[6] *Weckhorst v. Kan. State Univ.*, No. 16-cv-2255-JAR-GEB, 2017 WL 3674963, at *4 (D. Kan. Aug. 24, 2017).

[7] Defendants, both of whom are pro se, assert granting leave to amend would be futile for reasons other than the proposed amended complaint's failure to join an indispensable party. The Supreme Court has ruled, however, that courts may "consider *sua sponte* the absence of a required person and dismiss for failure to join.*" Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008). Because the undersigned recommends denying leave to amend based on the proposed amended complaint's failure to join a required party, the court need not address defendants' other futility-based arguments.

[8] *Ambac Assurance Corp. v. Fort Leavenworth Frontier Heritage Communities, II, LLC*, 315 F.R.D. 601, 606 (D. Kan. 2016).

is necessary to the suit and must therefore be joined if joinder is feasible."[9] A party is "necessary" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[10]

Second, if the court determines that the absent party is necessary, "the court then considers whether joinder is feasible—i.e., whether the person is subject to service of process and whether joinder will deprive the court of subject matter jurisdiction."[11]

Finally, "if the absent person is necessary, but joinder is not feasible, the court must decide whether that person is indispensable."[12] In this third step, the court weighs the factors set out in Rule 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>    (A) protective provisions in the judgment;
>    (B) shaping the relief; or
>    (C) other measures;

---

[9] *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

[10] Fed. R. Civ. P. 19(a)(1).

[11] *Ambac*, 315 F.R.D. at 606 (citing Fed. R. Civ. P. 19(a)(1)).

[12] *Id.* (citing *Rishell*, 94 F.3d at 1411).

4

> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Applying the three-step analysis to the derivative action plaintiff proposes to bring, the undersigned finds that the LLC is a necessary and indispensable party whose joinder is not feasible. Without the LLC as a party, the proposed claims would be dismissed.

Judge Murguia addressed the first step of the Rule 19 analysis in his August 12, 2019 order. After concluding he "need not determine whether the LLC is a necessary and indispensable party under Federal Rule of Civil Procedure 19" because, at that time, plaintiff had expressed an "eagerness 'to avoid . . . asserting a derivative claim,'"[13] Judge Murguia nonetheless noted "courts in the federal district of Oregon and around the country have found LLCs to be necessary parties where the claims implicate the interests of the LLC itself."[14] Plaintiff acknowledges in his instant briefing "that in the typical derivative action the company in which a stockholder/member owns an interest is joined" and that, in such cases, courts have found that "in the absence of the entity on whose behalf the derivative action is brought, the existing defendant(s) may be subject to a 'substantial risk

---

[13] ECF No. 32 at 12 n.8 (quoting ECF No. 22 at 4). Oddly, plaintiff has not explained the impetus behind his 360-degree change in position.

[14] *Id.* (quoting *Reddy v. Morrissey*, No. 3:18-CV-00938-YY, 2018 WL 4844164, at *3 (D. Or. Sept. 17, 2018), which cited multiple cases) (internal quotations and alterations omitted).

5

of incurring double, multiple, or otherwise inconsistent obligations.'"[15] The undersigned's independent research further confirms that courts deem LLCs necessary parties to derivative actions brought on their behalf,[16] and plaintiff has cited no case reaching a different result. Accordingly, the LLC would be a necessary party to the derivative claims plaintiff proposes to add.

Under the second step of the analysis, plaintiff concedes joinder of the LLC is not feasible because "the joinder of the limited liability company will deprive this Court of subject matter jurisdiction."[17] Explaining further, plaintiff notes that subject-matter jurisdiction in this action is based on complete diversity of the parties,[18] with both defendants being citizens of Kansas and plaintiff being a citizen of Arizona.[19] If the LLC

---

[15] ECF No. 38 at 4.

[16] *See, e.g., Freeman v. Premium Nat. Beef, LLC*, No. CIV-12-1390-D, 2013 WL 5441349, at *6 (W.D. Okla. Sept. 27, 2013) (holding LLC was a necessary party in derivative claims for breach of contractual and fiduciary duties); *Incredible Invs. Ltd. v. Parlato,* No. 09-CV-00576(S)(M), 2010 WL 11546025, at *7 (W.D.N.Y. July 15, 2010) ("I conclude that One Niagara LLC 'is a necessary party under Rule 19(a) since it has an obvious interest in the derivative claims raised on its behalf, and would be unable in practice to protect that interest if not joined.'" (quoting *Bartfield v. Murphy,* 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008)); *TC Invs., Corp. v. Becker*, 733 F. Supp. 2d 266, 283 (D.P.R. 2010) (holding LLC was a necessary party in derivative action for fraud and mismanagement).

[17] ECF No. 38 at 4. *See also TC Invs.,* 733 F. Supp. 2d at 284 ("When a court's subject matter jurisdiction is grounded in diversity, as in this case, 'the joinder of a nondiverse party is not feasible because such joinder destroys the court's subject matter jurisdiction.'" (quoting *Picciotto*, 512 F.3d at 17)).

[18] *See* 28 U.S.C. § 1332.

[19] ECF No. 38 at 4.

6

is joined, however, it will take on the citizenship of each of its approximately 25 members.[20] Although plaintiff does not list the citizenship of each member, he states the "LLC is non-diverse."[21] The court presumes, therefore, that joining the LLC would destroy diversity jurisdiction regardless of whether the court joined it as a plaintiff or a defendant.

Because joining the LLC, a necessary party, is not feasible, the undersigned proceeds to the third step of the analysis: weighing the factors set out in Rule 19(b) to determine whether the LLC is an indispensable party. "Applying these factors, courts appear *unanimous* in concluding that the party on whose behalf a derivative claim is brought is indispensable and one whose absence warrants dismissal."[22] Plaintiff "cites no authority to challenge the caselaw holding that entities such as LLCs are indispensable parties when derivative claims are asserted."[23]

---

[20] ECF No. 32 at 4 n.4 (citing *Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1324-25 (10th Cir. 2016)).

[21] ECF No. 38 at 4.

[22] *Incredible Invs.*, 2010 WL 11546025, at *9 (quoting *Bartfield*, 578 F. Supp. 2d at 650) (emphasis added). *See also TC Invs.*, 733 F. Supp. 2d at 284 (holding that an LLC was an indispensable party "because by definition, the action itself derives its existence from the rights of the corporation, not those of the shareholder plaintiff"); 7 Fed. Prac. & Proc. Civ. § 1615 (Wright & Miller 3d ed.) ("In a stockholder-derivative suit, the corporation whose rights are being enforced must be made a party to the action whenever possible. When this is not feasible, either because the corporation is not subject to service of process or its joinder would destroy diversity jurisdiction, the corporation has been regarded as an indispensable party and the action dismissed.").

[23] *4Brava, LLC v. Sachs*, No. CV 15-2744 (JRT/DTS), 2017 WL 9672388, at *8 (D. Minn. Dec. 27, 2017), report and recommendation adopted, No. CV 15-2744 (JRT/DTS), 2018 WL 2254569 (D. Minn. May 17, 2018).

Even without this wealth of authority indicating the LLC is an indispensable party to the derivative claims plaintiff seeks to add, the circumstances here warrant such a finding. First, no one disputes the LLC is a "separate legal entity with rights and obligations distinct from those of its members."[24] "[T]he Court cannot presume its interests are not also distinct from those of its members."[25] For example, plaintiff states the LLC currently has no funds. It may be in the LLC's interest to use any recovery from a derivative claim to reinvest in itself or to pay obligations owed to third parties, rather than to pay the members of the LLC. As another example, defendants assert the LLC has a claim for breach of fiduciary duty against plaintiff because the LLC failed due to "Plaintiff's own interference in the operations."[26] The LLC might have an interest in pursuing such a claim, while plaintiff as the LLC's representative obviously would not. These examples demonstrate a judgment rendered in the LLC's absence could be prejudicial to the LLC.

Second, the court finds proceeding with the derivative action in the absence of the LLC could prejudice defendants by placing them at risk of litigating a subsequent proceeding brought by the LLC over the same issues. Plaintiff has supplied letters from managers of the LLC stating the LLC will not pursue its own right of action against

---

[24] *Incredible Invs.,* 2010 WL 11546025, at *8 (quoting *Bartfield*, 578 F. Supp. 2d at 650).

[25] *Bartfield*, 578 F. Supp. 2d at 650.

[26] ECF No. 44-1 at 7-8, *see also* ECF Nos. 45 at 1, 45-1 at 5.

8
O:\ORDERS\18-2247-CM-37, 39.docx

defendants (or the proposed new defendant, Ebel).[27] Although the managers' representations lower concern that defendants would be prejudiced by the risk of subsequent litigation and duplicate recoveries, the risk is not completely alleviated. The court cannot "lessen or avoid the prejudice because, as a practical matter, the Court will not be able to issue an order that would be binding on the [non-party LLC]. Thus, any attempt to fashion the relief so as to avoid prejudice would result in an ineffectual decree."[28]

Finally, plaintiff concedes he has "a remedy by filing a state court action,"[29] where jurisdictional diversity is not required. "The availability of an action in state court constitutes an adequate alternative remedy."[30]

In weighing these factors, the undersigned cannot conclude that, "in equity and good conscience, the action should proceed" without the LLC.[31] The LLC is an indispensable party to plaintiff's proposed derivative claims.

Because the LLC is a necessary and indispensable party under Rule 19, it would be clearly futile to add plaintiff's proposed derivative claims to the action, as they would be subject to immediate dismissal. The undersigned therefore recommends that Judge

---

[27] ECF Nos. 38-1, 43-1.

[28] *Morelli v. Morelli*, No. C2-00-988, 2001 WL 1681119, at *5 (S.D. Ohio Sept. 27, 2001).

[29] ECF No. 38 at 6.

[30] *Morelli,* 2001 WL 1681119, at *5.

[31] Fed. R. Civ. P. 19(b).

Murguia deny plaintiff's motion for leave to file an amended complaint that adds derivative claims (ECF No. 39). This ruling should be without prejudice to plaintiff filing a new motion for leave to amend his direct action.[32]

**Motion to Join Parties in a Derivative Action**

Plaintiff's second motion, to join himself as a plaintiff and Ebel as a defendant in his proposed derivative action, becomes moot if the court does not permit the derivative claims to proceed. The undersigned therefore recommends that Judge Murguia deny plaintiff's motion to join parties (ECF No. 37) as moot.

**Defendants' Arguments for Dismissal**

As a final matter, the undersigned notes that defendants' responses to the motion for leave to amend and the motion to join parties suggest the court dismiss this entire action because it was not brought in Oregon. The undersigned recommends that Judge Murguia direct defendants to file a separate motion to dismiss should they still seek such relief after a decision is made on the instant motions.

---

[32] Plaintiff's motion for leave to amend states he seeks "to clarify and add to the misrepresentations which are the subject of his grievance and to increase his damages claim by $13,501." ECF No. 39 at 1. Such amendments appear to go to plaintiff's direct claim, but his proposed amended complaint, of course, includes the addition of six derivative claims which should not be allowed.

10

IT IS THEREFORE RECOMMENDED that plaintiff's motion for leave to file an amended complaint (ECF No. 39) be denied on its merits and that plaintiff's motion for leave to join parties in a derivative suit (ECF No. 37) be denied as moot.

The parties are hereby informed that, within 14 days after being served with a copy of this report and recommendation, they may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. A party must file any objections within the 14-day period allowed if it wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If a party does not timely file objections, no court will allow appellate review.

Dated October 25, 2019, at Kansas City, Kansas.

      s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge