

FILED

JAN 21 2020

TIMOTHY M. O'BRIEN CLERK
By_____Deputy

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEFFREY S. GREEN, | ) | Case No. 2:18-cv-02247-CM-GLR |
| Plaintiff, | ) | Memorandum of Points and Authorities |
| vs. | ) | for Motion to Dismiss for Failure to State |
| CHRISTIAN BLAKE [sic CHRISTIAN | ) | a Claim |
| BLAKE FISHER] and | ) | |
| JOSHUA R. LEONARD, | ) | |
| Defendants. | ) | |

## I. Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[1] and must include "enough facts to state a claim for relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[4]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5]  Finally, the court must accept the nonmoving

party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6] The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[7]   Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8]   Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9]   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

## II.  Memorandum of Points and Authorities

Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6):

A.  The complaint does not contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"

    1.  In ¶20 of the complaint Plaintiff alleges:

20. Blake and/or Leonard have made the following misrepresentations to Green (and other investors):

    a.    They had secured the assets and services of Mr. Marsden critical to the viability of the Company.

    b.    They provided falsified financial information which contained unauthorized financial transactions and misled Green (and other investors) as to the Company's financial status;

    c.    Blake misrepresented the magnitude of his net worth claiming to be worth $50,000,000, his financial resources claiming he could fund the business, and his

> *business and educational background claiming numerous past business successes;*
> *these misrepresentations persuaded Green (and others) of Blake's ability to lead*
> *the Company;*
>
> *d.    They misrepresented to Green (and others) that they were providing services*
> *on an unpaid basis; and*
>
> *e. .  They omitted to report to Green and other Managers and investors the use of*
> *the Company's funds for their personal use, including the use of the Company's*
> *funds for car rentals, travel and entertainment expenses, and the purchase of*
> *personal property.*

2.      Whereas illustrated by supporting evidence [Exhibits], **"Marsden" <u>was indeed</u> <u>secured</u>** by the Company and his assets were being used (post acquisition) daily by the Company,  and he was also the namesake of the Company (DBA Hawk Pharms) at the time of the Plaintiff's investment.

Further, The Plaintiff outlined in his initial filing that the alleged misrepresentation for which he relied on to **induce** his investment was, *"Despite having assured Green (and other investors) that they had secured the assets and services of Mr. Marsden, critical to the viability of the Company, they failed to secure either the assets or the services – a failure which in effect nullified the business plan which **induced** Green's investment"*.

3.      This allegation fails on both the factual allegation and being false.

4.      The Complaint does not plead "<u>**enough facts**</u> to state a claim for relief that is plausible on its face" these are only assumptions without any facts and exhibits.

5.       Therefore, complaint does not give the court reason to believe that this plaintiff has a <u>**reasonable likelihood of mustering factual support**</u> for these claims.

**B.** The complaint under the plausibility standard does not show "a sheer possibility" that <u>**"a defendant has acted unlawfully."**</u>

1.   No where in the allegations has the Plaintiff been able to point out the unlawful act or acts. The Plaintiff fails to offer specific factual allegations to support each claim. His allegations are mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action'

C.   Finally, the court must accept the **nonmoving party's factual allegations as true** and may not dismiss on the ground that it appears unlikely the allegations can be proven.

1.   **Fact 1:** The facts and evidence with the attached Exhibits (Exhibit A: Federal Payroll documentation for Marsden, Exhibit B: Copies of checks to Marsden for his services and goods, Exhibit C: Communication with Marsden regarding his managing the company's growing operations) shows that Marsden engaged with the Company with ongoing services in exchange for compensation and employment.

2.   **Fact 2:** As this Defendants supporting evidence has exhibited, Marsden was indeed secured by the Company and his assets were being used (post acquisition) daily by the Company, and he was also the namesake of the Company (DBA Hawk Pharms) at the time of the Plaintiff's investment.

3.   **Fact 3:** The Plaintiff was a Company executive and officer overseeing the Company's operations to the same degree as the Defendants. The Plaintiff controlled the fate of his investment to the same degree as the Defendants until their improper termination by the Plaintiff.  After the Defendants improper terminations, the Plaintiff was managing the Company until the time he decided to close the operations without any sort of protection for all of the Company Members by way of liquidation of the Company's assets, nor

attempting a business continuity plan, and thus rendering his as well as the Defendants investment worthless.

### III.  Providing services on an unpaid basis

*They misrepresented to Green (and others) that they were providing services on an unpaid basis; and [¶20 d].*

1.  Complaint fails to illustrate these as pre investment or post investment allegations.

    a.   If these were pre investment misrepresentations and for argument sake, was Plaintiff looking for the Defendants to violate local, state and federal rules by working unpaid?

    b.   If these were post investment misrepresentations, promises or negotiations, then clearly the allegations of misrepresentation fail, as misrepresentation must have been done before the investment.

2.  *Green relied on these representations in deciding to invest in the Company and then, subsequently, to extend Blake's and Leonard's managerial roles. [¶20 e].*

3.  The complaint fails to illustrate the exact nature of "extension of management roles" being pre investment or  post investment allegations.

4.   Were these roles negotiated before investment? If so, where is it outlined in documentation that the Plaintiff used this in his pre investment due diligence.

5.   Were these roles negotiated to be **unpaid.** If yes, when and why was the Plaintiff looking for **the Defendants to again work for free (and against federal, local and**

**state employment laws).** The mere words **"managerial role"** clearly define that some kind of operating or management contracts, employment contract etc. must have been entered into. Again this is assumed if the Plaintiff used these contractual assertions in deciding to make his investment.

**6.** In the absence of any such contracts, these appear to be a joint business venture where all business partners lost their investments (including the Defendants who held over 25% of the companies vested equity). Plaintiff had no business acumen there after defendants were removed from their jobs and Plaintiff could not take care of the business. To the degree that it should open the Plaintiff to liability as the Defendants' investment was ALSO rendered worthless.

## IV.  Use of the Company's funds for their personal use

*They omitted to report to Green and other Managers and investors the use of the Company's funds for their personal use, including the use of the Company's funds for car rentals, travel and entertainment expenses, and the purchase of personal property. [¶20 e].*

1. Complaint fails to illustrate these as pre investment or post investment allegations.

   a.   If these were pre investment misrepresentations and for argument sake, why would someone ask or give these details before investment as to his **mode of transport for the investment**?

   b.   If these were post investment misrepresentations, "Company's funds for car rentals, travel and entertainment expense, and the purchase of personal property",

then clearly the allegations of misrepresentation fail, as misrepresentations must have been done before the investment.

2.   *Green relied on these representations in deciding to invest in the Company and then, subsequently, to extend Blake's and Leonard's managerial roles. [¶20 e].*

3.   In this case then not only did the Plaintiff expect the defendants to not only work for free (unpaid work) but he also expected defendants to use their personal cars, travel, phones, emails etc. in total violation of federal and state laws to maintain privacy of data of clients and prospective clients, business partners etc. if such was the expectation of the Plaintiff then this business was bound to fail from it's initial incorporation.

4.    The complaint fails to highlight even one unlawful misuse of assets of the LLC. Which again is outside of the scope for which this court has ordered for the remaining claim (in scope).

5. The court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.

6.    The court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

7.   The complaint under the plausibility standard does not show "a sheer possibility" that "a defendant has acted unlawfully."

8.      *"Mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."*5

9.   Nowhere in the allegations, has the Plaintiff been able to point out the unlawful act or acts. Plaintiff fails to offer specific factual allegations to support each claim. His allegations are Mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action'.

## V. Reliance on Representation

*Green relied on these <u>representations in deciding to invest</u> in the Company and then, subsequently, to extend Blake's and Leonard's managerial roles. [¶21].*

*The representations <u>were false. . [¶22].</u>*

*Green's reliance on Blake's and Leonard's representations <u>were reasonable as</u> Blake, in particular, concealed the true nature of his activities and the Company's finances. [¶23].*

1.   Plaintiff Greens' alleged **reliance** on the **false** misrepresentation are Mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action'

2.      Further, the Plaintiff outlines multiple claims within his claim of alleged misrepresentation that don't meet this court's standard of scope. The Plaintiff is indeed attempting to assert circumstances, that even if true, fail to match the standard of misrepresentation to INDUCE his investment.

## VI.   Green has NOT been damaged by the Defendants' misrepresentations

*Green has been damaged by the Defendants' misrepresentations; his investment is worthless and, if he had known of the falsity of the representations, he could have acted to preserve the Company while it still had financial resources.*

1. Green has NOT been damaged by the Defendants' misrepresentations, but by his own actions.

2. Green was unsatisfied as per his own expectation and vision, when he made a decision and removed both defendants and could not effectively run the LLC and as a result wound up the LLC (company). Without following the company's bylaws around liquidation of assets, as he left the company's entire operations, assets and revenues to Jeffrey "Hawk" Marsden. Marsden is continuing to operate with the above mentioned.

3. These were his own actions and not the actions of defendants.


## VII.   Representations were NOT wanton and willful

*Blake's and Leonard's misrepresentations have been wanton and willful and/or in reckless disregard of the duties owed Green (and other investors in the Company), and an award of punitive damages is appropriate.*

1.   Again, Complaint fails to illustrate these as pre investment or post investment allegations.

2.   Plaintiff also fails to illustrate reckless disregard of which duties? pre investment or post investment?

3.   Plaintiff as well asserts that the representations were made to induce his investment but again confuses the nature of the scope ordered by this court.

4.  Plaintiff claims the misstatement was willful and wanton and seeks punitive damages.

But there can be no punitive damages where there are no actual damages.

CHRISTIAN BLAKE FISHER and

JOSHUA R. LEONARD
Defendants pro se

---

[1] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[2] Id at 570.

[3] Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

[5] Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting Twombly, 550 U.S. at 555).

[6] Iqbal, 556 U.S. at 678(citing Twombly, 550 U.S. at 555).

[7] Id. (quoting Twombly, 550 U.S. at 555).

[8] Id. at 678–79.

[9] Id. at 679.

[10] Id. at 678 (citing Twombly, 550 U.S. at 556).

## CERTIFICATE OF SERVICE

We hereby certify that on the 01/20/2020, we transmitted a true and correct copy of the above and foregoing Defendants' Motion to Dismiss for Failure to state a claim upon which relief can be granted.:

By first-class mail, postage prepaid and properly addressed to:

1.  Joel B. Laner, E-Mail: hlblaw@swbell.net, Attorney for Plaintiff

CHRISTIAN BLAKE FISHER and
JOSHUA R. LEONARD.
Defendants pro se

1/21/20

1/21/20