UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY S. GREEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-2247-CM ) |
| CHRISTIAN BLAKE and JOSHUA LEONARD, | ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Defendants have filed a motion to stay discovery (ECF No. 71), pending the resolution of their motion to dismiss (ECF No. 69). Defendants also include in their motion what the court construes as a request for protective order. As discussed below, the court denies the motion to stay and the request for protective order.

<u>Motion to Stay</u>

The decision whether to stay discovery rests in the sound discretion of the court.[1] The Tenth Circuit has stated, however, that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[2] Thus, as a general rule, discovery

---

[1] *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990); *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013).

[2] *Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

is not stayed in this district based merely on the pendency of dispositive motions.³ The court has recognized that there may be exceptions to this rule, such as where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.⁴

By way of background, the court has already ruled on defendants' first motion to dismiss, dismissing plaintiff's improperly-pled breach of fiduciary, conversion, and accounting claims on August 12, 2019.⁵ The court simultaneously denied defendants' motion to dismiss plaintiff's misrepresentation claim.⁶ Defendants then filed a second motion to dismiss the misrepresentation claim on January 21, 2020.⁷ Plaintiff opposes the motion to dismiss, asserting it contains "an argument about the facts in question in the lawsuit, rather than a challenge to whether [plaintiff] states a claim."⁸ Plaintiff also argues

---

³ *Kutilek*, 132 F.R.D. at 297 ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing cases)); *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) ("[T]he general policy of this district is to proceed with discovery despite pending dispositive motions.").

⁴ *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297–98).

⁵ ECF No. 32.

⁶ *Id.*

⁷ ECF No. 69.

⁸ ECF No. 77.

2

the issue was already decided by Judge Murguia and defendants' motion does not constitute a motion for reconsideration or review.[9]

The court does not find this to be one of the rare instances where staying discovery is justified. The undersigned has reviewed the motion to dismiss and accompanying briefs and cannot say that this action is *likely* to be concluded via a ruling on the motion. To support their motion, defendants reference a series of cases holding that courts may stay discovery when there is a pending dispositive motion.[10] But defendants make no serious attempt to analyze the exception in the context of this case. Indeed, defendants fail to state any facts regarding their own motion to dismiss. Plaintiff's opposition to the stay is based on the arguments set forth in his response to the motion to dismiss, that is, it rehashes an already-resolved issue.[11] The undersigned does not presume to predict how the presiding U.S. District Judge, Carlos Murguia, will view or rule the motion to dismiss, but this is not a case in which the likely outcome of the motion is clear.[12]

---

[9] *Id.*

[10] ECF No. 71 at 2.

[11] ECF No. 76. Plaintiff also asserts defendants are using the motion to stay to avoid responding to plaintiff's outstanding discovery. The court does not reach this argument here but notes a pending motion to compel (ECF No. 79) related to that discovery. Defendants' response to that motion is due February 14, 2020.

[12] *See Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) ("To stay discovery, defendants must prove that they are likely to prevail on the dispositive motion.").

Motion for Protective Order

Defendants also make a brief argument for a protective order, but the purpose of the protective order is spelled out. Rule 26(c) provides that upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Discovery may be proscribed or limited to prevent abuse.[13] The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.[14] The party seeking a protective order has the burden to demonstrate good cause.[15] In determining whether good cause exists, "the initial inquiry is whether the moving party has shown that disclosure of the information will result in a 'clearly defined and serious injury.'"[16] The moving party must

---

[13] *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 WL 4226214, at *2 (D. Kan. Oct. 21, 2010.

[14] *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) ("The modification of a protective order, like its original entry, is left to the sound discretion of the district court."); *see also Univ. of Kan. Ctr. For Research, Inc. v. United States*, No. 08-2565, 2010 WL 571824, at *3 (D. Kan. Feb. 12, 2010) (citing *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007)) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[15] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).

[16] *Reed*, 193 F.R.D. at 691 (citing *Zapata v. IBP, Inc.*, 160 F.R.D. 625, 627 (D. Kan. 1995) (internal quotations omitted)).

show "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[17]

To support their argument, defendants merely state they work forty to fifty hours a week, and the press of litigation has caused them to miss time at work.[18] Defendants further argue they are at a "severe financial disadvantage"[19] due to the filings in this case. Yet defendants make no argument that allowing discovery to continue will result in a clearly defined and serious injury beyond the burden expected with litigation. That litigation requires time and resources from the parties does not justify, on its own, a discovery stay. To the extent defendants are asking for a protective order to prevent all discovery from moving forward, the motion is denied.

Because no clear exception applies that would warrant it, and plaintiff has not shown he is entitled to a protective order, the undersigned declines to stay discovery pending resolution of the motion to dismiss. The court therefore denies defendants' motion to stay discovery (ECF No. 71).

---

[17] *Univ. of Kan. Ctr. For Research*, 2010 WL 571824 at *3 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

[18] ECF No. 71 at 2.

[19] *Id.*

IT IS SO ORDERED.

Dated February 10, 2020, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge