UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY S. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-2247-CM |
| | ) |
| CHRISTIAN BLAKE and | ) |
| JOSHUA LEONARD, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

Three pretrial motions are pending in this case. First, the pro se defendants, Christian Blake and Joshua Leonard, have filed a motion to amend their answer (ECF No. 68) to allege affirmative defenses. The plaintiff, Jeffrey S. Green, opposes the motion (ECF No. 78), arguing defendants failed to attach a memorandum, as required by D. Kan. R. 7.1(a); the proposed amended answer fails to admit or deny the allegations against defendants; and includes improper confidential settlement information. Second, plaintiff has filed a motion to compel discovery responses from defendant Blake (ECF No. 79). And third, plaintiff has filed a motion to modify the scheduling order to address the discovery delays (ECF No. 81). Defendant Blake's response to the motion to compel indicates he has provided discovery responses, and both defendants oppose the motion to modify the scheduling order.

For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, denies defendants' motion to amend (ECF No. 68), denies plaintiff's motion to compel (ECF No. 79), and grants plaintiff's motion to modify the scheduling order (ECF No. 81).

Background

The court briefly outlines the procedural history in this case for background. On May 11, 2018, plaintiff filed his complaint against defendants for representations that allegedly induced him to contribute to and become a member of an Oregon limited liability company.[1] Defendants filed their answer on June 5, 2018, responding in numbered paragraphs to the allegations in the complaint and not including any affirmative defenses.[2] Defendants included language in their answer stating they "are lay people and are not familiar with the legal terminology or applicability of any affirmative defenses in this case, therefore defendants reserve the right to amend this response and add any discovered affirmative defenses within a reasonable period of time after their discovery."[3] The scheduling order was entered on September 6, 2019 and set a deadline of September 20, 2019 for any motions to amend the pleadings.[4]

---

[1] ECF No. 1.

[2] ECF No. 6.

[3] *Id.* at 4.

[4] ECF No. 35.

Plaintiff timely filed a motion for leave to file an amended complaint related to derivative claims he sought to join, as well as a motion for joinder of parties in the derivative action.[5] The undersigned entered a report and recommendation to deny these motions,[6] and plaintiff then filed a notice withdrawing those motions.[7] Accordingly, the presiding U.S. District Judge, Carlos Murguia, terminated those motions.[8]

On December 6, 2019, defendants filed an amended answer without seeking the required leave to do so under Fed. R. Civ. P. 15(a)(2).[9] The court struck the amended answer.[10] Plaintiff filed a motion for sanctions related to the answer, alleging defendants violated Fed. R. Civ. P. 11(b) by including confidential information in the amended answer, filing outside of the deadline to do so, and failing to seek leave.[11] The court denied the motion for sanctions because the record did not reflect that plaintiff provided defendants

---

[5] ECF Nos. 37, 39.

[6] ECF No. 48.

[7] ECF No. 49.

[8] ECF No. 52.

[9] ECF No. 56.

[10] ECF No. 59.

[11] ECF No. 61.

the 21-day opportunity to withdraw the allegedly offended pleading, as required by Fed. R. Civ. P. 11(c)(2).[12]

Defendants filed a motion to seek leave to amend their answer on December 31, 2019,[13] and filed a withdrawal of their stricken answer.[14] The court denied that motion because defendants did not attach their proposed pleading, as required by D. Kan. R. 15.1(a)(2).[15] On January 10, 2020, defendants filed the instant motion to amend.[16]

Motion to Amend

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates the court "should freely give leave when justice so requires."[17] When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) also is implicated.[18] Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause." Thus, the Tenth

---

[12] ECF No. 63.

[13] ECF No. 65.

[14] ECF No. 66.

[15] ECF No. 67.

[16] ECF No. 68.

[17] Fed. R. Civ. P. 15(a)(2).

[18] *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014).

Circuit has directed courts to use "Rule 16's good cause requirement as the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed."[19] As earlier mentioned, in this case the scheduling order set a deadline of September 20, 2019, for the parties to file any motions to amend their pleadings.[20] Because defendants didn't file the instant motion until January 10, 2020, the court will begin its analysis by applying Rule 16's good-cause standard.

Rule 16(b)(4)

To establish "good cause" under Rule 16(b)(4), defendants must show they could not have met the scheduling order deadline for amending pleadings despite their "diligent efforts."[21] In making this showing, defendants "must provide an adequate explanation for any delay."[22] The court recognizes that "while a scheduling order is not a frivolous piece of paper, idly entered . . . , rigid adherence to the . . . scheduling order is not advisable."[23] Thus, the good-cause requirement may be satisfied if a party learns new information

---

[19] *Id.* at 1241. If the court finds good cause lacking, it need not reach the Rule 15(a) issue. *Id.* at 1242.

[20] ECF No. 35.

[21] *Gorsuch*, 771 F.3d at 1240.

[22] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

[23] *Nevarez v. Cty. of Finney Cty., Kansas*, No. 04-2309-KHV, 2005 WL 8160610, at *1 (D. Kan. Mar. 22, 2005) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

5

through discovery or if the underlying law has changed.[24] However, if a party knew of the underlying conduct but simply failed to timely raise claims, or defenses, these claims or defenses are barred.[25] Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[26]

Defendants seek to amend their answer to include affirmative defenses. But they have failed to show good cause for amending their complaint after the scheduling-order deadline. They have failed to articulate any clear reasons they should be permitted to amend at this time; indeed, their motion is barely a page long and does not explain the delay or even acknowledge the September 20, 2019 deadline for motions to amend. In their motion, defendants argue they were "unaware of their recent filing of the affirmative defenses being an amended filing" and contend they intended to file "what they believed to be their initial responses to the claim by the plaintiff."[27] Yet those initial responses were ostensibly part of the original answer, which defendants filed on June 5, 2018.

Defendants do not cite any newly-discovered facts or any change in the law to justify their late filing. From defendants' terse motion, the undersigned gathers that defendants believe, once Judge Murguia ruled on their motion to dismiss and dismissed all claims

---

[24] *Gorsuch*, 771 F.3d at 1240 (internal citations omitted).

[25] *Id.*

[26] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

[27] ECF No. 68.

except the misrepresentation claim, that defendants had another chance to brief the remaining claim. Defendants contend they believe "an accurate and correct statement of responses to that claim will allow for the court to review all pertinent facts and information moving forward."[28] But Judge Murguia's order was entered on August 12, 2019. Even if defendants were correct in their assessment, they have not provided any justification for waiting until January 10, 2020 (or even December 6, 2019, when they first filed their amended answer without seeking leave to amend).

The undersigned finds that defendants have not met the good cause standard set forth in Rule 16(a)(4). But it bears mentioning that they also have not satisfied the Rule 15(a)(2) standard for amendment of pleadings. As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings. Nonetheless, a court may deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[29]

"Under Rule 15(a)(2), 'denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay.'"[30] "[U]ntimeliness alone may be a

---

[28] *Id.*

[29] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[30] *Martinez v. Target Corp.*, 384 F. App'x 840, 846 (10th Cir. 2010) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)).

7

sufficient basis for denial of leave to amend. Prejudice to the opposing party need not also be shown."[31] When determining whether a party has "unduly delayed" in seeking amendment, the "[e]mphasis is on the adjective."[32] "Lateness does not of itself justify the denial of the amendment."[33] Rather, the Tenth Circuit has directed that the court's focus should be on "the reasons for the delay."[34] The court may refuse leave to amend "when the party filing the motion has no adequate explanation for the delay."[35] Defendants' reply, although it briefly addresses plaintiff's substantive arguments, still does not address the core issue of good cause. Defendants continue to fail to provide any good cause for the delay. In light of defendants' undue delay discussed above, the undersigned will not allow them to amend their answer now.

The court takes this opportunity, in light of repeated filing errors and necessitated reminders by the court, that pro se parties must comply with the local rules, notably the filing requirements. To be clear, the record in this case does not present evidence of defendants' bad faith. Defendants acknowledged their error and apologized to the court

---

[31] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (internal quotations and citations omitted).

[32] *Minter*, 451 F.3d at 1205.

[33] *Id.* (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[34] *Id.* at 1206.

[35] *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

and plaintiff for their improper filing of the motion without seeking leave.[36] Still, although pro se plaintiffs are given some latitude,[37] the "Tenth Circuit has also repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[38]

For example, and to briefly address the substantive arguments plaintiff raises, under Fed. R. Civ. P. 8(b), defendants' answer must admit or deny plaintiff's allegations. Although defendants' initial answer complied with this requirement, their proposed amended answer does not. Defendants contend what they submitted are "proposed denial/answer, not final denials," and they would submit the properly-formatted denial if the court grants the motion.[39] Even if defendants were to be granted leave to add affirmative defenses, the proposed pleading should be complete, that is, it should still include all of the admissions or denials of the allegations in plaintiff's complaint.

Similarly, Fed. R. Civ. P. 8(c) lists affirmative defenses. As plaintiff points out, the proposed affirmative defenses do not comport with the affirmative defenses listed in Fed. R. Civ. P. 8(c). Instead, they basically "state certain alleged facts which they assert defeat

---

[36] ECF No. 68.

[37] *Zander v. Knight Transportation, Inc.*, No. 13-04016-KHV-GLR, 2015 WL 13732183, at *6 (D. Kan. Nov. 9, 2015), *report and recommendation adopted*, No. CV 13-4016-KHV/GLR, 2015 WL 9216565 (D. Kan. Dec. 17, 2015), *aff'd*, 688 F. App'x 532 (10th Cir. 2017) (explaining that "pro se plaintiffs are generally afforded leniency").

[38] *Zander*, 2015 WL 13732183, at *4 (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[39] ECF No. 84.

9

plaintiff's claim."[40] The court agrees that the information defendants seek to add to their amended answer is suited for dispositive motions, not affirmative defenses. For these reasons, the court therefore denies defendants' motion to file an amended answer (ECF No. 68).

Motion to Compel

Plaintiff has filed a motion to compel discovery from defendant Blake (ECF No. 79). Plaintiff served requests for production on November 26, 2019[41] and served interrogatories on December 3, 2019.[42] At the time of the filing, Blake had not served any responses to the discovery, nor had he filed any objections. Blake filed his response on February 13, 2020, indicating he was unable to timely respond to discovery for a number of reasons, including travel constraints and a meeting with potential counsel that fell through. Although Blake stated in his response that he has served the discovery responses,[43] plaintiff represents he has still not received responses to the requests for production.[44]

---

[40] ECF No. 78.

[41] ECF No. 51.

[42] ECF No. 54.

[43] ECF No. 86.

[44] ECF No. 88.

10

The court denies plaintiff's motion for failure to comply with D. Kan. Rule 37.1(a), which requires plaintiff to attach to his motion to compel the interrogatories and requests for production in dispute. Plaintiff has not attached the disputed discovery requests to his motion, nor do they appear anywhere in the record. The court's denial is without prejudice to re-filing, provided the parties meaningfully confer regarding the sufficiency of defendant's responses. If disputes still remain after the parties have met and conferred, plaintiff must re-file any motion to compel by **March 2, 2020**. Defendant must file any response by **March 9, 2020**, and plaintiff must file any reply by **March 13, 2020**.

<u>Motion to Modify</u>

In light of the ongoing discovery issues, plaintiff has also filed a motion (ECF No. 81) to modify the scheduling order entered on September 6, 2019 (ECF No. 35). The current discovery deadline is March 6, 2020. Plaintiff seeks to extend discovery at least 90 days, i.e. until at least June 4, 2020.[45] Defendants did not agree to the extension and argue plaintiff has not shown good cause for it.

Plaintiff argues the lack of discovery responses from Blake has thwarted his ability to conduct other discovery, including Blake's deposition, written discovery served on defendant Joshua Leonard, and discovery to non-party witnesses.[46] As discussed above, Blake filed a response to the motion to compel, indicating he provided his discovery

---

[45] ECF No. 81.

[46] *Id.*

11

responses on February 10, 2020,[47] which plaintiff disputes in his reply.[48] But the court is not convinced that has brought the case back on-track, i.e., if plaintiff needs to file an additional motion to compel based on the discovery responses, that will require additional briefing related to this discovery.

The court, in its discretion, believes more time is needed to complete discovery in this case, although the length of the extension required is unclear at this time. Extending the discovery deadline necessarily affects the remaining deadlines in this case. The court therefore grants plaintiff's motion to modify the scheduling order and vacates the existing deadlines in ECF No. 35 for the completion of discovery, motions challenging the admissibility of expert testimony, the proposed pretrial order, the final pretrial conference, and the trial date. The parties shall file a joint status report with their proposed new deadlines and trial setting by **March 2, 2020**.

IT IS THEREFORE ORDERED that defendants' motion to amend (ECF No. 68) is denied. Plaintiff's motion to compel (ECF No. 79) is denied without prejudice. Plaintiff's motion to modify the scheduling order (ECF No. 81) is granted and the remaining deadlines in the scheduling order (ECF No. 35) are vacated. Additionally, the court strikes Blake's surreply to the motion to modify (ECF No. 89). The local rules do not contemplate the

---

[47] ECF No. 86.

[48] ECF No. 88.

filing of surreplies, see D. Kan. Rule. 7.1(c), and defendant has not filed a motion seeking leave to file a surreply.

IT IS SO ORDERED.

Dated February 19, 2020, at Kansas City, Kansas.

<u>  s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge