# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFFREY S. GREEN,

      *Plaintiff,*

vs.

CHRISTIAN BLAKE &
JOSHUSA LEONARD,

      *Defendants.*

Case No. 18-CV-2247-EFM-JPO

## MEMORANDUM AND ORDER

Plaintiff Jeffrey Green parted with $200,000 for membership in an LLC that never realized its promised potential. Green started this action because he believes the LLC's former managers, Defendants Christian Blake and Joshua Leonard, misled him and mismanaged the LLC. Only one of Green's four original claims survived Defendants' first, pro se motion to dismiss. Now, Defendants return with another pro se motion seeking dismissal of Green's remaining misrepresentation claim. Because, notwithstanding Defendants' criticisms, Green states a plausible misrepresentation claim, the Court denies Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 69).

### I.     Factual and Procedural Background[1]

Green's allegations have not changed since Defendants last called for dismissal.

---

[1] This subsection's facts are taken exclusively from the allegations in Green's complaint. *See Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976) ("The factual allegations of the complaint must be taken as true," when reviewing a motion to dismiss for failure to state a claim).

63rd Street Enterprises, LLC is an Oregon limited liability company, formerly managed by two of its approximately 25 members, Defendants Blake and Leonard. As managers of the LLC, Defendants allegedly made various representations to Green that induced Green to contribute to and become a member of the LLC. Green alleges that Defendants fraudulently misrepresented their own assets and finances, the LLC's assets and finances, and their own receipt and use of the LLC's funds by:

- falsely representing their business acumen and that their personal assets could finance the LLC;

- misrepresenting that they had secured, on the LLC's behalf, "the assets and services of Mr. Marsden;"[2] and

- falsifying information about the LLC's finances to avoid discovery of (1) unapproved compensation they paid themselves for managing the LLC and (2) other unauthorized financial transactions and personal use of the LLC's funds.

Green alleges that these actions misled him as to the LLC's viability and financial status, inducing him to contribute to the LLC various investments totaling $200,000.

Based on these actions, Green originally alleged four claims. Apart from claiming misrepresentation, Green characterized the misdeeds underlying the alleged misrepresentations as both a breach of the fiduciary duties that Defendants owed "[a]s [m]anagers and officers of the [LLC]" and as an unlawful conversion of "the [LLC's] inventory and property."[3] Green also

---

[2] Green's complaint fails to elaborate as to "the assets and services of Mr. Marsden," except to say his assets and services were critical to the LLC's viability. Doc. 1 at 5. In briefing responding to Defendants' first motion to dismiss, Green explained that the LLC formed to engage in Oregon's state-regulated medical and recreational cannabis business. Mr. Marsden is "a well-known and reputable figure" within that industry who is licensed to cultivate and possesses an inventory of unique seed and plant strains. Defendants allegedly misrepresented that the LLC had secured from Mr. Marsden his services as a cultivator and an inventory of seeds and plants that would be original products for exclusively the LLC to sell in the Oregon cannabis market. Doc. 18 at 2–3.

[3] Doc. 1 at 3, 7.

-2-

claimed that Defendants "have a duty" but have failed, despite his demands, "to account for the [LLC's] income and expenses."[4]

Green's breach of fiduciary duty, conversion, and accounting claims have not survived. Acting pro se, Defendants moved to dismiss Green's claims on two alternative grounds. The Court rejected the first ground—that subject-matter jurisdiction (and possibly venue) was lacking. But finding that Green's breach of fiduciary duty, conversion, and accounting claims must have been pleaded derivatively on the LLC's behalf, the Court accepted Defendants' second argument that Green failed to comply with Fed. R. Civ. P. 23.1's prerequisites for maintaining those derivative claims. Accordingly, the Court dismissed those improperly pleaded derivative claims but allowed Green's misrepresentation claim—his only direct, as opposed to derivative claim—to proceed.[5]

The survival of Green's misrepresentation claim is now again before the Court on Defendants' second pro se motion to dismiss. This time, rather than attacking the Court's authority to resolve or Green's right to raise his claims, Defendants attack the claim itself—putting the Court to the question: Does Green state a plausible misrepresentation claim?

## II.  Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes this Court to dismiss Green's misrepresentation claim if Green "fail[s] to state a claim upon which relief can be granted." The face of Green's complaint—not "potential evidence that the parties might present at trial"—controls.[6] For Green's misrepresentation claim to survive, his complaint "must contain sufficient fact[s] . . . , accepted as

---

[4] *Id.* at 8.

[5] *See generally* Doc. 32.

[6] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

true, to 'state a claim to relief that is plausible on its face.'"[7] A facially plausible claim requires "factual content that allows the court to . . . reasonabl[y] infer[] that [D]efendant[s] [are] liable for the [misrepresentation] alleged."[8] Green cannot rely on "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements."[9] But he also need not offer "heightened fact pleading of specifics."[10] "[E]nough facts to . . . nudge[] [his] claims across the line from conceivable to plausible" is all that is required.[11]

### III.     Analysis

Defendants argue that Green alleges an implausible misrepresentation claim for essentially four reasons. Each reason is unpersuasive.[12]

First, Defendants argue that Green's complaint lacks "enough facts" to raise his right to relief above the speculative level.[13] But Defendants dispute the *truth* not the *plausibility* of Green's allegations. Defendants recite various allegations from Green's complaint; contest those allegations based on their own exhibits or impressions; and favoring those sources over Green's complaint, Defendants argue that Green lacks a reasonable likelihood of mustering factual support for his claims. For example, Green alleges that Defendants misrepresented that they had secured

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[8] *Id.*

[9] *Id.*

[10] *Twombly*, 550 U.S. at 570.

[11] *Id.*

[12] The Court notes that Defendants have obtained counsel since this motion ripened. Because Defendants prepared and defended this motion while unrepresented, however, the Court "afford[s] a liberal construction" to Defendants' pro se filings. *Binford v. United States*, 436 F.3d 1252, 1253 n.1 (10th Cir. 2006). Still, the Court will not "construct arguments or theories for [Defendants] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted).

[13] Doc. 70 at 2–4.

from Mr. Marsden "assets and services . . . critical to the [LLC's] viability."[14] Defendants urge the Court to view this allegation as "false," because their own "supporting evidence" allegedly shows "'Marden' was indeed secured by the [LLC]."[15] Green also alleges that Defendants' misrepresentations damaged him. Defendants counter that Green's harm is traceable only to his own actions. This Court's "function on a Rule 12(b)(6) motion," however, "is not to weigh potential evidence that the parties might present at trial, but to assess whether [Green's] complaint alone is legally sufficient to state a claim for which relief may be granted."[16] As such, this Court "may not dismiss on [Defendants' urged] ground that it appears unlikely [Green's] allegations can be proven."[17] Defendants' fact-based arguments are best left to any later motion for summary judgment or to trial.

Second, Defendants argue that Green states no misrepresentation claim because: (1) he fails to specify that each at-issue representation occurred before, not after, he invested; and (2) his alleged reliance is conclusory. Defendants correctly understand that a misrepresentation must precede any reliance. The controlling law implies that requisite sequence:

> The essential elements of a[n Oregon] common-law fraud claim are: the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance.[18]

---

[14] Doc. 1 at 5.

[15] Doc. 70 at 2–3; *see generally also* Doc. 69-1 and 69-2.

[16] *Dubbs*, 336 F.3d at 1201.

[17] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

[18] *Strawn v. Farmers Ins. Co.*, 350 Or. 336, 351–52, 258 P.3d 1199, 1209 (2011). As discussed in its prior orders, this Court applies Oregon law to Green's substantive claims. *See* Doc. 32, at 6 n.7.

But in applying that law here, Defendants take an inappropriately narrow view of Green's complaint. Green alleges he "relied on [Defendants'] representations in *deciding to invest* in the [LLC]."[19] Taken as true and read together with the complaint's other allegations, Green plausibly alleges that he relied on pre-investment misrepresentations.

Third, Defendants argue that Green states a facially implausible misrepresentation claim because he blames the wrong party. The complaint itself, according to Defendants, shows that any misrepresentations were made after the LLC's incorporation; and so, Defendants reason, any misrepresentations are attributable to the LLC and "not . . . [to] any of Defendants (per se)."[20] Defendants former status as managers and officers of the LLC, however, does not necessarily shield them from liability. An "[LLC's] manager remains responsible for his or her acts or omissions to the extent those acts or omissions would be actionable against the member or manager if that person were acting in an individual capacity."[21] And "no . . . provision [of an LLC's articles of organization or any operating agreement] shall eliminate or limit the liability . . . of a member or manager for [a]cts or omissions not in good faith which involve intentional misconduct or a knowing violation of law."[22] Under these rules, Green may hold Defendants personally liable for any intentional misconduct, including the misrepresentations alleged in his complaint.

Fourth, and finally, Defendants argue that dismissal is required under the *Colorado River* doctrine[23] because Green has filed a "conflicting" state-court case.[24] That "judicially crafted

---

[19] Doc. 1 at 6 (emphasis added).

[20] Doc. 85 at 2–4, 7.

[21] *Cortez v. Nacco Material Handling Grp., Inc.*, 356 Or. 254, 268–69, 337 P.3d 111, 119 (2014).

[22] Or. Rev. Stat. § 63.160(2)

[23] *See generally Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

[24] Doc. 85 at 8–9.

doctrine of efficiency,"[25] however, does not bar "a federal court with jurisdiction . . . from hearing a suit concerning the same matter as a suit pending in state court."[26]  In fact, the Tenth Circuit has "warned against dismissing a federal suit solely because a similar suit [is] pending in state court."[27]  Instead, dismissal or stay of a federal suit in favor of a state action, under the *Colorado River* doctrine, "requires 'exceptional circumstances' and an 'important countervailing interest.'"[28]  Whether those circumstances exist depends on eight nonexclusive factors:

1. the possibility that one of the two courts has exercised jurisdiction over property
2. the inconvenience from litigating in the federal forum
3. the avoidance of piecemeal litigation
4. the sequence in which the courts obtained jurisdiction
5. the "vexations or reactive nature" of either case
6. the applicability of federal law
7. the potential for state-court action to provide an effective remedy for the federal plaintiff
8. the possibility of forum shopping.[29]

Here, however, Defendants proffer no details about Green's state-court case that would allow the Court to assess properly those factors.  Defendants also improperly raise this argument for first time in their reply.[30]  As such, this argument too is best left to any later motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 69) is **DENIED.**

---

[25] *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 n.13 (10th Cir. 2013).

[26] *Wyles v. Sussman*, 661 F. App'x 548, 552 (10th Cir. 2016) (citing *Colorado River*, 424 U.S. at 817).

[27] *Id.* at 551

[28] *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1121 (10th Cir. 2018); *see also D.A. Osguthorpe Family P'ship*, 705 F.3d at 1233 ("[A]t times, 'reasons of wise judicial administration' must weigh in favor of 'permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding.' . . . . [T]hese occasions are not ordinarily encountered.  Yet such 'circumstances, though exceptional, do nevertheless exist.'").

[29] *Wakaya Perfection, LLC*, 910 F.3d at 1122.

[30] *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived.").

**IT IS SO ORDERED**.

Dated this 28th day of May 2020.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE