UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY S. GREEN,                    )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )   Case No.  18-2247-EFM
                                     )
CHRISTIAN BLAKE and                  )
JOSHUA LEONARD,                      )
                                     )
          Defendants.                )

# ORDER

The plaintiff, Jeffrey S. Green, has filed a motion (ECF No. 104) seeking to compel supplementary discovery responses from defendant Christian Blake. Defendant opposes the motion, arguing the six interrogatories at issue seek irrelevant financial information. For the reasons discussed below, the motion is granted.

The court briefly addresses the claim at issue here to discuss the content and relevance of the four disputed interrogatories. This case involves plaintiff's membership in defendants' LLC. Plaintiff alleges defendants, as the LLC's former managers, misled him and mismanaged the LLC. Three of plaintiff's claims have been dismissed; the sole remaining claim is a misrepresentation claim.[1] The court has stated in previous orders it is

---

[1] ECF No. 107 at 3.

applying Oregon law to the substantive claim and set out the controlling standard in its motion denying defendants' motion to dismiss:

> The essential elements of a[n Oregon] common-law fraud claim are: the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance.[2]

As Judge Melgren summarized in his order, plaintiff alleges defendants (1) falsely represented their business acumen and that their personal assets could finance the business; (2) misrepresented that they had secured, on the LLC's behalf, the assets and services of Mr. Marsden [a "well-known and reputable figure" within the medical and recreational cannabis industry who was allegedly involved in the LLC[3]]; and (3) falsified information about the LLC's finances to avoid discovery of unapproved compensation they paid themselves for managing the LLC and other unauthorized financial transactions and personal use of the LLC's funds.[4] Plaintiff alleges he relied on defendants' representations in deciding to invest in the LLC.[5] Judge Melgren's order confirmed defendants may be

---

[2] *Id.* at 5 (citing *Strawn v. Farmers Ins. Co.*, 350 Or. 336, 351–52, 258 P.3d 1199, 1209 (2011)).

[3] ECF No. 107 at 2 n.2 (citing ECF No. 18).

[4] *Id.* at 2.

[5] *Id.* at 6.

held personally liable for any intentional misconduct, including the misrepresentations alleged in the complaint.[6]

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding the motion, as required by D. Kan. R. 37.2. A review of the briefing and attached exhibits indicates counsel communicated about the discovery disputes.[7] The court finds counsel have adequately conferred.

Background

On December 3, 2019, plaintiff served his first of interrogatories on defendant, to which defendant did not respond.[8] Plaintiff filed a motion to compel on January 31, 2020,[9] which the court denied on February 19, 2020 because of plaintiff's failure to comply with D. Kan. Rule 37.1(a) and attach the disputed discovery to the motion to compel.[10] At that time, the court instructed the parties to confer and allowed re-filing of the motion by March

---

[6] *Id.*

[7] ECF No. 105.

[8] ECF No. 54.

[9] ECF No. 79.

[10] ECF No. 90.

2, 2020.[11] After granting multiple extensions, the new deadline to file the motion to compel was March 13, 2020,[12] then April 10, 2020,[13] then May 11, 2020.[14]

On April 27, 2020, the parties filed a joint status report indicating defendants had obtained counsel and were working on responses to plaintiff's discovery. Although plaintiff represented he wasn't waiving objections to the discovery responses, he indicated he was trying to cooperate with defense counsel and "the discovery process appear[ed] to be thawing."[15] Defendant served responses on May 4, 2020, objecting to certain interrogatories.[16] Plaintiff sought and received another extension to file his motion to compel,[17] which he did on May 15, 2020.

The court rejects plaintiff's brief argument that defendant has waived his objections because they are untimely. The timeline set forth above reflects the parties' jointly-sought extensions to resolve this discovery issue. The court finds both parties have contributed to

---

[11] *Id.*

[12] ECF No. 93.

[13] ECF No. 96.

[14] ECF No. 98.

[15] ECF No. 99.

[16] ECF No. 101.

[17] ECF No. 103.

any in providing discovery responses and briefing the motion to compel and declines to grant the motion on the basis of untimely-served objections.

Analysis

The Federal Rules of Civil Procedure provide the general limits on the scope of discovery. Although there's a presumption in favor of disclosure of information, discovery is limited to information that is "relevant to any party's claims or defense and proportional to the needs of the case."[18] Relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on any party's claim or defense.[19]

The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[20] The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

---

[18] Fed. R. Civ. P. 26(b)(1).

[19] *Gilmore v. L.D. Drilling, Inc.*, No. 16-CV-2416-JAR-TJJ, 2017 WL 2439552, at *1 (D. Kan. June 6, 2017).

[20] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

discovery outweighs its likely benefit."[21]  One central purpose of its inclusion is to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."[22]  The court keeps the broad relevance standard in mind as it turns to the disputed interrogatories.

Interrogatory No. 1

Plaintiff seeks defendant's net worth as of January 1, 2017.[23]  Plaintiff argues this information is relevant to his misrepresentation claim because he will have to prove the falsity of the statements at issue.  At issue in this case, in part, is whether plaintiff relied on certain statements from defendant to join the LLC.  Plaintiff contends defendant represented his net worth was $50,000,000.[24]  He argues the discrepancy between the statement and defendant's true net worth "bears on his credibility and the size of the possible fraud as well as the recklessness of his assertions."[25]  Defendant objects that this information is irrelevant.

---

[21] Fed. R. Civ. P. 26(b)(1); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *1 (D. Kan. Mar. 15, 2018).

[22] Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.

[23] ECF No. 105-1 at 1.

[24] *Id.* at 2.

[25] *Id.*

The court finds the interrogatory seeks relevant information. The existence of the representations of defendant's net worth, the falsity of the statements, and the reasonableness of any reliance of the statements are all at issue here. Plaintiff contends defendant made misrepresentations about his personal wealth and those misrepresentations had a material effect on decisions defendant made about the business and on plaintiff's willingness to join the business.[26] The veracity of those claims are relevant to the elements plaintiff will have to prove to prevail on the misrepresentation claim.[27] Although defendant denies in his interrogatory response that he is worth $50,000,000, he does not offer any stipulation as to how much he is actually worth.[28] His net worth may be $49,000,000 or $4,900 – plaintiff has no way of knowing without the benefit of discovery. The actual number may go toward the reasonableness of plaintiff's reliance on any statements defendant made.[29] The court therefore grants the motion as to Interrogatory No. 1.

Interrogatory No. 2

Plaintiff seeks the joint net worth of defendant and defendant's wife on January 1, 2017.[30] He argues this is relevant for the same reasons as Interrogatory No. 1 and seeks to

---

[26] ECF No. 108 at 2.

[27] ECF No. 105-1 at 1.

[28] *Id.* at 1.

[29] ECF No. 108 at 2.

[30] ECF No. 105-1 at 2.

7

clarify the scope and ownership of any wealth defendant claims.[31] Defendant again objects that this information is irrelevant. Based on the court's analysis of Interrogatory No. 1, the court similarly finds Interrogatory No. 2 may seek relevant information. Although defendant's wife is not named in the lawsuit, the broad scope of discovery permits plaintiff to explore the wealth defendant purports to have. The court grants the motion to compel as to Interrogatory No. 2.

Interrogatory No. 3

Plaintiff asks defendant to identify his assets on January 1, 2017 comprising his net worth.[32] Plaintiff argues this information is relevant to verify defendant's representation and he is entitled to "properly inquire into the veracity and validity of the wealth claims."[33] Based on the court's analysis of Interrogatory No. 1, the court rules the same way and finds Interrogatory No. 3 may seek relevant information. Defendant's method of calculating net worth may go toward credibility and veracity of the claim. The court grants the motion to compel as to Interrogatory No. 3.

---

[31] *Id.*

[32] ECF No. 105-1 at 2.

[33] *Id.* at 3.

Interrogatory No. 4

Plaintiff seeks a description of how defendant valued his assets and arrived at the net worth number.[34] Plaintiff argues he is entitled to know who did the valuation and how they arrived at the number. Although plaintiff does not offer much in the way of supporting his argument, based on the court's analysis of Interrogatory No. 1, the court rules the same way and finds Interrogatory No. 4 may seek relevant information. The court grants the motion to compel as to Interrogatory No. 4.

Interrogatory No. 10

This interrogatory asks defendant to identify any boards he served on as a director during the period from January 1, 2017 to April 30, 2018.[35] Plaintiff argues this information may be relevant to defendant's business background and "his overall availability as well as his general depiction as an experienced, successful, well-connected entrepreneur."[36] Defendant objects that this information is irrelevant. Because the claims here involve plaintiff's reliance on defendant's statements about his business qualifications, information about board service may be relevant to the veracity and credibility of those statements. The court grants the motion to compel as to Interrogatory No. 10.

---

[34] *Id.*

[35] ECF No. 105-1 at 3.

[36] *Id.* at 3.

Interrogatory No. 25

This interrogatory asks defendant to itemize the investments he represented he had made in a February 2019 interview.[37] Plaintiff argues this information may be relevant to defendant's net worth, business experience, and investment experience.[38] Defendant objects that this information is irrelevant, essentially because the interview occurred a year after the close of the LLC. Plaintiff concedes this representation occurred after the close of the business and therefore plaintiff did not rely on it to join the LLC.[39] Rather, he somewhat speculatively asserts defendant had to have invested in some of the 60 or so investments before the close of the business, and those investments are relevant to the net worth calculation.[40] Although it is a closer call, the scope of discovery is broad enough that the court accepts plaintiff's argument that this information may be relevant to defendant's representations about his net worth. The court grants the motion to compel as to Interrogatory No. 25.

The court notes plaintiff has offered no case law in this brief to support his argument. Indeed, plaintiff fails to include an argument section at all. Rather, he merely attaches to his memorandum the interrogatories, defendant's objections, and a short response called

---

[37] *Id.* at 4.

[38] *Id*.

[39] *Id.*

[40] *Id.*

"plaintiff's statement."[41]  This is another in a series of failures of both sides to appropriately comply with the local rules in their filings.  The parties are directed, going forward, to file fulsome briefs, with the support of case law and the structure mandated by the local rules.  The court is not inclined to continue making allowances for either side.

    IT IS THEREFORE ORDERED that plaintiff's motion to compel (ECF No. 104) is granted.

    Dated June 15, 2020, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge

---

[41] *See* ECF No. 105-1.