**In the United States District Court
for the District of Kansas**

---

Case No. 18-cv-02247-TC-JPO

---

JEFFREY S. GREEN,

*Plaintiff/Counterclaim-Defendant*

v.

CHRISTIAN BLAKE, ET AL.,

*Defendants/Counterclaim-Plaintiffs*

---

**MEMORANDUM AND ORDER**

In the course of analyzing the parties' motions to dismiss and for leave, the Court ordered the parties to show cause why Defendants' breach of fiduciary duties counterclaim should not be dismissed for lack of standing and why all of Defendants' counterclaims should not be dismissed under Fed. R. Civ. P. 19(b) for failure to join a required party. Doc. 147. The Court found that Defendants' declaratory judgment counterclaim stated a plausible entitlement to relief and satisfied the requirements of Fed. R. Civ. P. 8 and 12. *See* Doc. 147 at 12–13. But the Court, in discharging its duty under Rule 19, raised a concern with absent parties who appeared to have a significant interest in the outcome of that claim and whose absence created a risk of diverging corporate obligations. Doc. 147 at 13; *see generally Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006) (recognizing Rule 19 imposes an independent obligation to raise indispensability *sua sponte*). Thus, the Court ordered the parties to show cause why these parties were not required, or if they were required, to show either that no independent jurisdiction was necessary for Defendants' counterclaims or that the parties could be joined without destroying jurisdiction. Doc. 147 at 14.

Plaintiff and Defendants have each filed a response to that show cause order, and notably, each agree not only that there are parties whose joinder is required under Rule 19(a) but also that these parties cannot be joined without destroying the Court's jurisdiction. Doc. 148

at 4–5 ("Defendants believe all members [of the LLC] should be joined under Rule 19(a) because their interests may be impaired either practically or legally . . . . Defendants do not believe joinder of all members is feasible because it would adversely affect diversity jurisdiction."); Doc. 149 at 5 (Plaintiff concurring).[1]

Consequently, the analysis shifts to Rule 19(b), to determine whether the action should proceed in the absence of these required parties whose joinder is not feasible. Here, again, the parties agree. Defendants—whose counterclaims are at stake—have spoken unequivocally: "Defendants believe that this Court, in equity and good conscience should dismiss this case." Doc. 148 at 5. Plaintiff concurs. Doc. 149 at 5–7.

The only question remaining is what portion of the litigation will be dismissed. Under these circumstances, Rule 19(b) calls for dismissal of "the action." In other words, the rule contemplates not the partial

---

[1] The parties, consistent with their disagreement about which operating agreement controls the LLC at issue, disagree about who the LLC members actually are. Defendants assert there are seven members of 63rd Street Enterprises LLC, consisting of six diverse individuals and one Growth Holdings, LLC, whose citizenship Defendants do not properly allege. Doc. 148 at 3–4 (providing LLC's state of incorporation but not, as required, the citizenship of its component members).

Plaintiff, for his part, asserts that Growth Holdings' citizenship would not spoil diversity, Doc. 149 at 4 n.2, but that there are several additional potential members—under a more recent operating agreement—whose citizenship would. Doc. 149 at 5 ("Green further stipulates that the joinder of all Members of 63rd Street Enterprises LLC would defeat diversity jurisdiction.").

Given that one of the issues the declaratory judgment counterclaim presents is *which* operating agreement controls and *which* members hold an interest, the parties' positions dictate that all potentially affected alleged members are required parties under Rule 19(a). Consequently, it is appropriate to assess diversity based on the larger, albeit nondiverse, group of *potential* members, particularly in light of Defendants' agreement that diversity is lacking for their counterclaims. Doc. 149 at 5 ("[T]he persons who signed the Third Operating Agreement . . . believed then—and believe now—themselves to be Members . . . [and could] potentially suffer the forfeiture of their membership interests."); Doc. 148 at 3 ("Defendants believe . . . that the members of the Second Operating Agreement are necessary and indispensable parties because the Court's ruling will affect their interest in the LLC and impair or impede their ability to protect their interest.").

dismissal of any particular claims, but rather the dismissal of "the case in its entirety." Steven S. Gensler & Lumen N. Mulligan, *Fed. R. Civ. P., Rules & Commentary* Rule 19. Required Joinder of Parties (2021 ed.).

Defendants urge the dismissal of both their own counterclaims and Plaintiff's affirmative claims. Doc. 148 at 7. But where, as here, the claims affected by the failure to join are *counterclaims,* Rule 19's reference to "the action" is properly defined as the defendant/counterclaim-plaintiff's case against the plaintiff/counterclaim-defendant. *See, e.g., Beckham Cty. Rural Water Dist. No. 3. v. City of Elk City*, No. CIV-05-1485, 2007 WL 1731438, at *6 (W.D. Okla. June 14, 2007) ("[T]he city also argues that if the USDA is found to be an indispensable party with respect to the city's counterclaims, then the proper remedy under Rule 19(b) is dismissal of the [plaintiff] water district's action. The court disagrees . . . [and] has no trouble interpreting Rule 19(b)'s requirement for dismissal of the action as a requirement for dismissal of the city's counterclaims"); *see also Rural Water, Sewer & Solid Waste Mgmt. Dist. No. 1 v. City of Guthrie*, No. CIV-05-786, 2007 WL 9724197, at *4–7 (W.D. Okla. June 22, 2007) (dismissing all counterclaims for failure to join necessary party, while leaving intact underlying claim); *Friends of DeReef Park v. Nat'l Park Serv.*, No. 2:13-cv-03453, 2015 WL 12807800 at *9 (D.S.C. May 27, 2015) (same); *cf. Mescalero Apache Tribe v. New Mexico*, 131 F.3d 1379, 1383 (10th Cir. 1997) (contemplating dismissal of counterclaim under Rule 19(b)). Thus, Defendants' counterclaims against Plaintiff are hereby dismissed, without prejudice, from this litigation.

Consequently, the second issue in the show cause order—the potential lack of standing for the Defendants' breach of fiduciary duties counterclaim—is moot.

For the reasons set forth above, Defendants/Counterclaim Plaintiffs' counterclaims, set out in Doc. 118, are DISMISSED without prejudice.

It is so ordered.

Date: July 12, 2021     s/ Toby Crouse
                        Toby Crouse
                        United States District Judge